378

CARSON, Plaintiff, v. NATIONWIDE MUTUAL INSURANCE COMPANY, COLUMBUS, Defendant.

Common Pleas Court, Clark County.

No. 53321. Decided July 19, 1960.

James A. Harmon, William T. Hicks, Springfield, for plaintiff.
John O. Harper, Springfield, for defendant.

## OPINION

By GOLDMAN, J.

This is an action to recover medical and hospital expenses' resulting from injuries incurred by plaintiff as a result of an accident he suffered when his farm tractor was struck by a land motor vehicle while he was operating the tractor on a public highway.

The resulting medical expenses exceeded $2,000.00 and plaintiff contends that defendant is obligated to pay that sum which represents the limit of liability under the provisions of a policy of insurance which was in effect at the time of the accident, and which included coverage for such expenses if incurred within one year following the accident, and provided further that the injuries incurred under circumstances described and set forth in the policy.

At a pre-trial conference, agreements and stipulations were entered into, the effect of which was to leave for decision only the legal issue as to whether or not under the agreed facts and stipulations, the plaintiff's loss was covered by the provisions of the policy.

Thus, it was agreed and stipulated that the defendant issued the policy of insurance described in the pleadings; that it was in effect on all dates involved in this action; that no modification or endorse-

ments subsequent to its issuance were made which in any way changed or effected the coverage of the policy in question; that the plaintiff was the policyholder named in the policy of insurance; that he suffered an accident while driving a farm type tractor which under the policy is regarded as a land motor vehicle; that said tractor was pulling a trailer on a public road and that while so engaged was involved in an accident with a truck; that no physical touching between the person of the plaintiff and the truck with which his vehicle was involved occurred at any time during said collision; that the vehicle which plaintiff was operating and which he then owned was not the vehicle specifically described in the policy of insurance; that as a result of the accident the plaintiff was injured and within the year thereafter incurred reasonable medical and hospital expense in excess of the policy limits and in an amount not less than $2,000.00.

Thereafter the case was assigned for trial by jury, but by agreement of the parties the trial assignment was vacated and the case submitted to the Court for decision upon the foregoing agreed facts and stipulations and upon briefs then and subsequently submitted to the Court.

Plaintiff's Exhibit "1," the insurance policy involved, is titled "A Simplified Family Liability and Automobile Policy" and provides for **four** categories of coverages, **one** of which provides for medical payments, the others being designated comprehensive, collision and liability, and with varying and different premiums allocated for each separate category of coverage.

(All emphasis in this opinion is by the Court.)

In a declaration attached thereto plaintiff is identified as the policyholder, and the description of the auto specifically covered and insured for the purposes applicable to the several categories of coverage is that of a Buick Station Wagon, and the limit of liability for medical payments is therein stated to be $2,000.00 for each person injured.

All of pages 1 and 2 of the policy deal with what are designated as "Insuring Agreements" and on the top half of page 3 are listed and set forth in two columns the "Exclusions" which appear under that designation, and the remaining provisions of the policy on pages 3 and 4 appear under the designation "Conditions."

The pertinent provisions of the policy under which recovery in this case is both sought and denied are to be found on page 1 of the policy under "Insuring Agreements"' subtitled "Coverages." Subsection D (2) of the "Coverages" provides for payment of all reasonable expenses incurred within one year following an accident to the policyholder whose injury was sustained:

"(a) by being struck by a land motor vehicle or trailer, **or**

(b) while in or upon, entering or alighting from any other land motor vehicle or trailer **except one owned by** the **Policyholder** or a member of his household.. . ."

Plaintiff claims he is entitled to recover under above sub-paragraph (a) since the injuries resulted, he contends, from his being "struck by a land vehicle or trailer."

Defendant contends that sub-paragraph (b) specifically denies recovery if the injuries were sustained while in a land motor vehicle, if

such vehicle is one owned by the policyholder. The defendant further contends that plaintiff was **not** "**struck by** a land motor vehicle or trailer" as claimed and as that expression appears in sub-paragraph (a) **because** there was **no physical touching** between the person of the plaintiff and the vehicle which collided with the one in which he was then riding.

The decision in this case therefore rests upon the interpretation and meaning of the language "by being struck by a land motor vehicle or trailer" and the effect, if any, of sub-paragraph (b) of the policy which limits recovery under that sub-paragraph to injuries received while in or upon or operating a vehicle **other** than one owned by policyholder or by a member of his household.

The first question to be considered is therefore: whether or not within the context of this policy a person is "struck by a land motor vehicle" when the vehicle which he is then operating or in which he is riding is involved in a collision with another vehicle and such person receives injuries admittedly resulting from such accident, even though there has been no physical touching between the person injured and the vehicle which collided with the one in which he was riding or which he was operating.

Defendant urges a negative answer. It reviews and emphasizes the background and history of medical pay insurance to indicate the logic and reason for the interpretation it seeks. It also cites as authority for its contention the case of Johnston v. Maryland Casualty Co., 155 Pacific 2d, 806, the second syllabus of which reads as follows:

"A truck operator who was still in the truck after collision with a passenger automobile and never had any personal contact with the automobile was not 'struck by an automobile' within meaning of automobile accident policy insuring against injury by being struck by an automobile."

What exactly is meant and understood by the phrase "struck by an automobile"?

Webster's New International Dictionary devotes three full columns to the varied definitions and meanings of the word "strike" and they include the words and phrases "to hit," "dash," "clash" or "to come in collision with.".

The various rules of construction applied in the interpretation of insurance contracts are clear and find general approval and agreement. One such rule is well stated in the first syllabus of a case cited by the defendant:

"Where there is **no uncertainty or ambiguity** in language of accident insurance policy, rights and liabilities of parties must be determined in accordance with **plain, ordinary** and **popular sense of language used.**" Gant v. Provident Life and Accident Ins. Co., 147 S. E. 740.

Also,

"One of the rules which has been applied most frequently is the principle that the words in an insurance policy are to be given their ordinary and usual meaning." 38 A. L. R. 2d 870.

And,

"terms in an insurance policy which **are ambiguous, equivocal, or**

uncertain to the extent that the intention of the parties is not clear and cannot be ascertained clearly by the application of the ordinary rules of construction are to be construed strictly and most strongly against the insurer and liberally in favor of the insured." 29 Am. Jur. Sec. 166.

These and the other rules of construction hereinafter referred to are applied and followed in Ohio, and may be found in 30 O. Jur. 2d, beginning with Sec. 203, etc.

Defendant's insistence that there must be an actual physical touching between the person injured and the object he claims struck him in order to be "struck by" that object, in the opinion of this Court does violence to the ordinary and usual meanings given to the ordinary and commonly used words and expressions before this Court for interpretation.

To illustrate, consider the following hypothetical situations:

A pedestrian who walks with the assistance of a cane, thrown to the ground when a vehicle strikes his cane from his hands without actually touching his person, causing him to be injured; two pedestrians walking side by side only one of whom, however, is physically brushed by a passing vehicle causing them both to be thrown to the ground and injured; a person seated in a swing or on a hammock, on a lawn, off the street, thrown into the air by a vehicle out-of-control, crashing into the swing or hammock but not actually touching the person of the injured; a person riding on a bicycle or motorcycle, having it hurled from under him by a passing vehicle without actually touching his person; the rear-end collisions which are a daily occurrence on our city streets, and frequently happen when a vehicle stops at an intersection for a red light and while stopped is struck by a vehicle from behind, causing injury to the operator or passenger of the stationary vehicle.

To hold as the defendant insists, that in none of these instances was the person injured "struck by" the offending vehicle, merely because there was no physical touching of the person injured by said vehicle, would seem to be novel, unwarranted and without justification, taking into account the common and ordinary meaning of these words and phrases which are not obscure or ambiguous and which in ordinary usage, in the opinion of this Court, are commonly understood to mean the contrary.

It is relevant and helpful to note that an assault and battery which is predicated upon an unlawful "striking" of another may be committed with an automobile. See 99 A. L. R. 835.

Also,

"Assault and battery—May consist of striking vehicle without contact with person therein.

"In a prosecution for assault with a deadly weapon, consisting in the running by accused of an automobile on the wrong side of the road at an unlawful speed and thus causing it to collide with an automobile in which prosecuting witness was riding, the physical jar from the collision is sufficient to justify conviction, though the prosecutor was not thrown entirely from the car, and was not struck on any part of his body." State v. Sudderth, 114 S. E. 828.

Also,

"An assault and battery may be committed by striking a person or another vehicle with an automobile." Cyclopedia of Automobile Law and Practice, Vol. 8A, Sec. 5528.4.

The rule in Ohio is similar, See 6 O. Jur. 2d, P. 723.

Certainly, if it is correct and proper to base an assault and battery upon a collision between two vehicles, which results in injury to a person in one of the vehicles, then it must be equally correct and proper and in accordance with the plain and ordinary meaning of the language involved to state that such injured person was "struck by" the vehicle when describing the accident or collision.

In **Barnes v. Great American Indemnity Co., 60 Oh Ap 114,** our own Court of Appeals considered and interpreted the following language appearing in a policy of insurance, to-wit:

"**Being struck, run down or run over by an automobile."**

In that case the injured person suffered injuries in attempting to avoid being struck or run down. In fact she was not touched by the passing car, but jumped and fell in successfully avoiding being crushed. The Court was urged to deny recovery because of the latter fact, but refused to follow that suggestion and allowed recovery, holding in effect that it is **not necessary** under such a policy that the person who seeks recovery on account of the peril of "being run down" should show that she was thrown to the street by a physical impact of the moving machine. While the particular phrase interpreted was "being run down," rather than "being struck" it reflects the liberal approach the courts have taken in construing language somewhat similar in import and meaning and in this court's opinion lends support to the views and holdings expressed and arrived at in this opinion.

It is of importance also to note that as distinguished from the instant case, in every other case cited in the briefs and considered by this Court, the language of the insurance policy used in describing the coverage was more broad than the language used here and contained more than the words and phrase "struck by." Even in Johnston v. Maryland Casualty Co., cited by the defendant, the exact language in the policy before that Court was "**struck or run over** by an automobile" as distinguished from the bare phrase "being struck by" in the instant case and in other cases cited, even more descriptive language was used. A consideration of the language so used could with some plausibility explain the holding by the majority of the Court in Johnston v. Maryland Casualty Co., and provide some basis for arguing that the total image invoked by the use of such additional language found in the same sentence and in conjunction with the words "struck by" was that of something suggesting a "pedestrian status" for the injured person in those cases.

Here, however, we have only the bare and simple phrase "being struck by" without benefit or handicap of the additional descriptive and restrictive language appearing in the other cases above noted and thus no basis exists for suggesting a similar status for the person injured as in the instant case. Yet, even in Johnston v. Maryland Casualty Co.

the Chief Justice of the State of Washington, in considering the language "struck or run over by" laconically wrote in a separate opinion:

"in my opinion the respondent was 'struck by an automobile' and is entitled to recover under clause 5 of the policy. I therefore dissent." This Court finds the dissenting opinion more persuasive than the majority opinion in that case.

In further considering the meaning to be given to **"by being struck by a land motor vehicle or trailer"** it also ought to be noted that this clause is to be found under that portion of the contract of insurance titled "Insuring Agreements" and "Coverages" and that on pages 3 & 4 of the policy, which contains the "Exclusions" and "Conditions" there is no provision or condition or exclusion or further reference or word of explanation so as to modify or lessen in any way the coverage granted in this clause. Had the insurer intended a more restrictive application or an exception from the clear meaning used in the language of coverage or had it intended that the policyholder for example be covered only if struck by a motor vehicle while walking or standing on the public highway or in any other manner, it could have said so in that many words in the coverage clause itself or in the columns provided for "Exclusions" as is done in other policies of insurance. See 12 A. L. R. 2d, P. 600, where reference is made to a policy containing the language:

"if insured shall be **struck by actually coming in physical contact with a vehicle itself,** and not by coming in contact with some object struck and propelled against the person by said vehicle." The annotation points out that this language was used in order to resolve and obviate difficulties of interpretation similar to the instant case. The fact that defendant chose not to use any of the limiting language above suggested is of significance and entitled to consideration. See **"The Great American Mutual Indemnity Co. v. Jones," 111 Oh St 84,** for discussion of the effect of exclusionary language or the lack of it in a policy of insurance.

Also,

"It has been said in this respect that there is a general presumption to the effect that anything not clearly excluded from the operation of the insurance contract by an exception, limitation or exemption clause is included in the operation thereof." **30 O. Jur. 2d, P. 233.**

Thus, the inescapable conclusion is reached that the reasonable and ordinary meaning of the words "struck by," not elsewhere or otherwise in the policy restricted or limited, must be given and applied and that such meaning embraces and correctly describes the factual pattern in the instant case. If it be urged that the language of the policy selected by the insurer, is in the use of words "struck by" **ambiguous or of uncertain meaning,** which this Court does not agree, it is in that case at least fairly and reasonably susceptible to the construction this Court gives it and that construction which is favorable to the insured should be adopted in accordance with the rules of construction already and previously noted.

The Court ventures the opinion that the insurer in the instant case in adopting and drafting the "Simplified Liability Automobile Policy" did so for reasons that are understood and commendable, but in its

384

zeal for simplification may have over-simplified and unwittingly granted coverage beyond that it may have intended, but in offering and submitting a contract of insurance prepared beforehand by it, in language which it alone selected, without negotiation between the parties, it must be bound by the reasonable and ordinary and usual meanings given to the ordinary and common terms therein contained, and the rules of construction generally and otherwise applicable to insurance policies.

This Court accordingly holds, that when a person suffers injuries, while seated in an automobile into which another vehicle crashes or with which it collides, and such injuries result from said collision, as is admitted to be the case here, he has been "struck by" such other vehicle and qualifies for the benefits of a contract of insurance granted when such injuries were received "by being struck by a land motor vehicle or trailer."

For these reasons this Court is of the opinion that the plaintiff is entitled to the benefits of Section I, D (2) (a) of the coverage portions of the policy.

With respect to Section (2) (b) which immediately follows the section above considered and under the terms of which the defendant contends plaintiff would not be entitled to recover, the Court is of the opinion that since plaintiff does not seek recovery under the provisions of that section, and since said sub-paragraph (b) is itself a separate part of the insuring coverage, and not in the chapter dealing with "Exclusions" or "Conditions" and since sub-paragraph (a) and (b) are both set apart and joined by the conjunction "or," sub-paragraph (b) must be considered and treated as an additional and separate category of coverage having no greater standing or significance than (a) and does not by either express provision or implication modify or lessen the coverage otherwise granted in (a). But, even if it be conceded for the purpose of discussion that sub-paragraph (a) and (b) are inconsistent or repugnant to each other in that if recovery were sought under (b) it would have to be denied, the rules of construction applicable in such a situation would still compel a decision in favor of plaintiff because of the rule of construction which provides:

"if there are conflicting or repugnant clauses in an insurance policy, the Court will construe them in favor of the insured." 29 Am. Jur., p. 183.

For the reasons stated the Court finds in favor of the plaintiff and against the defendant and that plaintiff is entitled to the relief prayed for in his petition.

An entry in conformity with these findings may be prepared and submitted.