WRIGHT, PLAINTIFF, *v.* BEACON MUTUAL INDEMNITY CO., DEFENDANT.

Common Pleas Court, Pickaway County.

No. 22701.   Decided March 8, 1961.

*Mr. Richard W. Penn,* for plaintiff.
*Mr. Don C. Patterson,* for defendant.

AMMER, J. This is an action filed by the plaintiff against the defendant insurance company seeking to recover under the provisions of the medical, surgical and hospital service section of the policies for expenses incurred as a result of an accident and praying for judgment in the amount of $2,000. To this petition the defendant has filed an answer the essential parts of which set up three defenses. To the answer has been filed a reply by the plaintiff.

The facts in the case have been stipulated by the parties and the matter of a jury trial being waived an agreement was reached that the matter be submitted to the Court upon the stipulation of facts and briefs.

The plaintiff, Lawrence E. Wright, on July 20, 1959, owned two automobiles upon which he had coverage by the two policies from the defendant company. On said date the plaintiff also owned a farm tractor type vehicle with the brand name of Farm All upon which the plaintiff had not purchased a separate policy of insurance.

Among other provisions of the two policies are the following:

"Coverage C-Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosethetic devises, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' caused by accident, while occupying or through being struck by an automobile;

"Exclusions. This policy does not apply under part 2 to bodily injury:

"(b) sustained by the named insured or a relative

"(1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile.' "

It appears that the plaintiff has complied with all the conditions and provisions of the contract of insurance precedent to the filing of the action herein.

On July 20, 1959, while operating a farm tractor pulling a farm wagon in a southerly direction on U. S. Route 23 in the right lane of southbound traffic about five-tenths of a mile south of South Bloomfield, Ohio, in Pickaway County, the plaintiff received numerous injuries when an automobile operated by one Jean McCabe also travelling in a southerly direction on U. S. 23 in said right lane of traffic collided with the rear of the farm wagon which was being towed by the farm tractor. As a result of the collision the plaintiff was thrown against the tractor and onto the highway causing injury to his pelvic area. It is stipulated that the plaintiff was confined to University Hospital and has incurred expenses within one year from the date of the collision for necessary medical, surgical, hospital and other services as a direct result of said collision in excess of the maximum amount of the policies of $2,000.

Therefore the sole question herein is whether or not the plaintiff was covered under the policies in view of the exclusion clause of said policies. If it is determined that the plaintiff is entitled to recover there is no disagreement as to the amount as this would be the maximum amount of the policies of $2,000.

ISSUES.

1. Did the plaintiff sustain bodily injury while "struck by an automobile" as provided for in the policies?

2. Whether the farm tractor owned by the plaintiff and

occupied by him at the time of the accident was "an automobile owned by * * * the named insured" within the meaning of the exclusion set forth in paragraph 3 of the policies.

3. Are the facts of the collision such as to exclude coverage under the policies which provides:

"This policy does not apply under Part 11 to bodily injury sustained by the name insured or a relative while occupying or through being struck by a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads * * *."

## LAW.

1. Were the injuries of the plaintiff such that he was 'struck by an automobile' under the provisions of the policies?

This issue was raised by the defendant in the answer, however it has not been seriously challenged by the defendant in their brief. A recent case interpreting such language is a decision by the Common Pleas Court of Clark County, decided, July 19, 1960, in the case of *Carson* v. *Nationwide Mutual Insurance Co.*, 84 Ohio Law Abs., 378. The syllabi of that case reads as follows:

"A person may be struck by a motor vehicle within the meaning of a provision in an insurance policy providing coverage for injuries received 'by being struck by a land motor vehicle or trailer' even though there is no actual physical contact with the person himself.

"When a person, while seated in an automobile into which another vehicle crashes or with which it collides, suffers injuries from the collision, such person has been struck by such other vehicle and qualifies for the benefits of a policy of insurance providing for compensation when injuries are received 'by being struck by a land motor vehicle or trailer' there is no need for actual physical contact to be made with the person to qualify under such a provision."

It is not clear in the instant case whether there was any physical touching between the plaintiff and the vehicle which collided with him although for purpose of disposition it will be assumed there was no physical touching between the automobile of Jean McCabe as it would appear that he was thrown from the tractor onto the ground as a result of which he received

the injuries. At page 382 of the above case the Court in citing a Court of Appeals' decision stated the following:

"In *Barnes* v. *Great Am. Indemnity Co.*, 60 Ohio App., 114, our own Court of Appeals considered and interpreted the following language appearing in a policy of insurance, to-wit:

"Being struck, run down or run over by an automobile."

"In that case the injured person suffered injuries in attempting to avoid being struck or run down. In fact she was not touched by the passing car, but jumped and fell in successfully avoiding being crushed. The Court was urged to deny recovery because of the latter fact, but refused to follow that suggestion and allowed recovery, holding in effect that it is not necessary under such a policy that the person who seeks recovery on account of the peril of 'being run down' should show that she was thrown to the street by a physical impact of the moving machine. While the particular phrase interpreted was 'being run down' rather than 'being struck' it reflects the liberal approach the courts have taken in construing language somewhat similar in import and meaning and in this court's opinion lends support to the views and holdings expressed and arrived at in this opinion."

The Court further on page 383 of that decision stated the following:

"Thus, the inescapable conclusion is reached that the reasonable and ordinary meaning of the words 'struck by' not elsewhere or otherwise in the policy restricted or limited, must be given and applied and that such meaning embraces and correctly describes the factual pattern in the instant case. If it be urged that the language of the policy selected by the insurer, is in the use of words 'struck by' ambiguous or of uncertain meaning, which this Court does not agree, it is in that case at least fairly and reasonably susceptible to the construction this Court gives it and that construction which is favorable to the insured should be adopted in accordance with the rules of construction already and previously noted."

It is clear from a review of the decision cited in *Carson* v. *Nationwide, supra,* as well as the decisions of the courts therein that the courts have taken a liberal approach toward such language in a policy as to what is meant by "being struck by

an automobile.'' It would appear to be the general conclusion of the courts that the ordinary meaning of the words "struck by" would include facts such as occurred in this case and this Court would adopt the conclusions reached in the *Carson case* as to the meaning of such phrase and it will be the finding of the Court that within the provisions of the policies plaintiff herein was "struck by an automobile.''

2. This issue is one which the defendant presents exhaustively in their brief and in oral argument relative to the exclusion clause in the policies which reads as follows:

"Exclusions. This policy does not apply under part 2 to bodily injury:

"(b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile,' * * *''

The matter before the Court therefore is whether or not the plaintiff at the time of the accident was operating or occupying "an owned automobile" within the exclusion of the provisions of the policies. There is no question but that the tractor was owned by the plaintiff so the sole question is whether or not a tractor is "an automobile" within the exclusion clause. It is clear that the policy is to cover the automobile named in the policy only and excludes any other owned automobile of the insured. The policies specifically state the exclusion to be as to other 'owned automobiles' and does not refer to other owned vehicles. The term "vehicle" of course is much broader in designation than "automobile.''

The defendant in their brief argues that the policies limited such to the policies described therein and if a person owned three automobiles he could not expect to have insurance as to all three automobiles merely by purchasing and paying for coverage on a single automobile. With this argument there is no serious contention and such is the proper law. However, the exclusion applies only to other "owned automobiles" and does not refer to other "owned vehicles.''

The defendant contends that the word "automobile" unmodified is not defined in the policies as the policies define only "owned automobiles, non-owned automobiles and farm

automobiles" and other like terms with prefixes to the definition of each of the terms relating to the word "automobile" in the policies. The defendant therefore concludes that there being no definition of the word "automobile" it is that such word then is to be taken in its generic term referring generally to a self propelled vehicle owned by the insured. The plaintiff on the other hand contends the literal meaning of the word "automobile" should be applied herein and such would not include a tractor. Thus the matter before the Court is whether or not the term "automobile" should be given its generic or literal meaning as applied to the policies. If it is given its generic meaning of course a tractor would be excluded within the term "automobile" and would thus be included under the facts of this case, but if given the literal meaning the tractor would not be included within the term "automobile" and the plaintiff would be covered under the terms of the policy.

As previously stated certain definitions are set forth in part 1 of the policy and there is further provision that these definitions also applied to part 11 which makes provision of expenses for medical services. The definitions applicable to the facts herein as set forth in the policies define certain types of automobiles such has "owned automobile, non-owned automobile, farm automobile and automobile business." The definition of "owned automobile" as set forth in the policies is as follows:

"a private passenger, farm or utility automobile described in the policy,

"(b) a trailer owned by the named insured,

"(c) a private passenger, farm or utility automobile ownership of any of which is acquired by the named insured during the policy period, provided, (1) it replaces a described automobile, or (2) the company insures all private passenger automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date; and includes a temporary substitute automobile. Hereunder, an automobile shall be deemed to be acquired on the date of its delivery."

The definition of "farm automobile" is as follows:

"farm automobile means an automobile of the truck type

with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;''

There is a diversity of opinion among the decisions of the American Courts as to the meaning of the term ''automobile'' as applied to insurance policies. In 4 Words and Phrases, page 855 there is listed various definitions of automobiles as adopted by the courts in the various states some of which are as follows:

''Automobile'' is general name adopted by proper approval for all forms of self-propelling vehicles for use on highways and streets for general freight and passenger service; a wheeled vehicle propelled by gasoline, steam, or electricity.

The word ''automobile'' within the caption of Laws 1905, c 173 regulating and taxing motor-driven vehicles, is a generic term and is sufficiently broad to include locomotives, motorcycles, and other vehicles of like character mentioned in the body of the act, and therefore the act is not broader than the caption. *Moore* v. *Life & Casualty Ins. Co.*, 40 S. W. 2d, 403, 404, 162 Tenn., 682.

''Automobile is general name adopted by popular approval of all forms or self-propelling vehicles for use on the highways and streets, and is presumed to have been used in indemnity provision of accident policy in its common, general, and popular sense, in absence of proof to contrary.

''Although aeroplanes are of comparatively recent invention, yet we think their use has now become so general that the term 'aeroplane' may now be taken to have a specific meaning and to describe a general type of machine, with substantially as much definiteness as does the term 'automobile.' We may therefore take judicial notice of the general characteristics of this machine.''

The word ''automobile'' is derived from the Greek word ''autos'' meaning self, and the Latin word ''mobilis'' freely movable, signifying self-moving or self-movable, changing its own place or able to effect a change of its own place. The term ''automobile'' is applied generally to a self-moving vehicle designed to travel on common roads, and specifically, to a wheeled vehicle for use on roads without rails, which carries in itself a mechanical motor with its source of power. A

"motorcycle" is a vehicle "of like character" with an automobile within the meaning of Acts 1910, p. 90 as amended by Acts 1913, p. 75, regulating the running of automobiles and other vehicles of like character.

Rev. Laws, c. 31 p. 1 provides that highways shall be kept in a reasonably safe condition for travelers with horses, teams, and "carriages." Held that an "automobile" is a vehicle which can carry passengers or inanimate matter, and so is a "carriage" within the meaning of the statute.

In the case of *Continental Casualty Co.* v. *Buckeye Union Casualty Co.* decided in the Common Pleas Court of Franklin County on January 10, 1957, appearing in 75 Ohio Law Abs., 79, the Court therein adopted the generic meaning of the word "automobile" in finding that a truck was an automobile within the purview of a liability insurance policy. The decision of the Court reads in part as follows:

"Especially when we apply the rule of construction which is followed universally and announced in the *Mumaw case*, we are in full agreement with the court in the case of *Life and Casualty Ins. Co.* v. *Cantrell*, 57 S. W. 2d, 792, which concluded that 'automobile' as used in a policy of insurance indicates 'a motor driven, fast moving vehicle mounted on four wheels and is an automobile whether called a runabout, a coupe, a coach, a sedan, a town car, a speed wagon, a delivery wagon or a truck.' The term 'automobile' a generis term, embraces them all, including the truck—a fast moving, motor driven vehicle mounted on four wheels."

In the annotation appearing in 38 A. L. R. 2d, 861, relative to what is meant by the term "automobile" within the coverage of an accident policy the decision set forth in said annotation is that of *Washington National Ins. Co.* v. *Burke*, decided on May 29, 1953, by a Kentucky Court of Appeals, 258 S. W. 2d, 709. The headnotes to said decision read as follows:

"The question is whether a farm tractor is an automobile within the terms of an insurance policy. The appellant, Washington National Insurance Co., issued a group accident policy to the members of the Blue Grass Automobile Club of Lexington, one of whom was Louis J. Burke, Jr. It insured him against death resulting from several causes under stated condi-

tions. The pertinent provision is: 'Part 3—Automobile, Truck, Pedestrian, Airplane, Burning Building and miscellaneous actions. If such injury shall be sustained (a) By the wrecking of any automobile, or automobile truck or of any animal drawn vehicle in which the insured is riding as driver or passenger.' The machine, a Case tractor, has two 38 inch main wheels, with 10 inch pneumatic tires and two small pilot wheels in front, set close together, and a single seat for the driver. At the time of the accident the insured was driving the tractor unattached to any vehicle or implement. He had driven it on a side road about one-third of a mile to the highway, thence had gone about 300 feet when the tractor was struck from behind by a motor truck and wrecked. The insured was instantly killed. Upon the pleadings and a stipulation, judgment was rendered for $2,000 in favor of the beneficiary.''

Much may be said in support of the view that such machine under the present circumstances is an automobile within the contract coverage. The certificate of insurance issued to Burke is styled, ''Specified Coverage Travel Accident Certificate.'' The insured was advised; ''This certificate is particularly designed to cover travel accidents and does so in almost any type of conveyance you may use for your transportation, whether riding in an automobile, truck, railroad train, steamboat, taxicab, bus, streetcar or commercial airplane. This certificate goes further and provides protection if you are run over by an automobile or other vehicle on the streets or public highways.'' The tractor was in fact, being used by the insured as a means of transportation on a highway. It is not shown that it was merely being taken from one place to another for agricultural use. However, the insurance was not confined to travel and highway accidents. The policy also expressly embraced death or injury sustained in the burning of any of several classes of public buildings or the wrecking of an elevator or collapse of a building or being struck by lightning or injured in a cyclone or tornado or by drowning at a public bathing beach.

As a generic word ''automobile'' is broad enough to include all forms of self-propelling vehicles. However, the word is to be defined in a particular case from its association in the con-

text (noscitur a sociis) and by considering the object or purpose of the instrument in which it is used. *Life & Casualty Ins. Co. of Tenn.* v. *Metcalf,* 240 Ky., 628, 42 S. W. 2d, 909. In that case it is said it should be presumed that "automobile" is used in an insurance policy in its common, general and popular sense. Modern usage assigns to the word automobile the restricted meaning of a motor-driven vehicle suitable and intended for conveyance of persons. Barry, Law of Automobiles, Sec. 2.02; Blashfield Cyclopedia of Automobile Law and Practice, Secs. 2 and 4122. We held in the *Metcalf case* that a milk truck was included in the phrase "private motor driven vehicle."

The manner in which a vehicle is used as well as its construction determines its character. A farm tractor is a machine designed and intended to be used as an agricultural implement. It is not intended or ordinarily used as a means of transportation on the highways although on occasion it may be temporarily operated on them. As described in *Tidd* v. *New York Central R. R. Co.,* 132 Ohio St., 531, 9 N. E. 2d, 509 (relating to the question of contributory negligence of a person riding on the step of a farm tractor).: "An agricultural tractor is neither equipped, designed, nor used for carrying guests or passengers." And in *Davis* v. *Wright,* 194 Okl., 451, 152 P. 2d, 921, 922, a farm tractor was held to be "an implement of husbandry," and not a motor vehicle, and was, therefore within statutory exemptions from debt.

If the present policy included the machine which was involved in this accident, it would likewise have included every other character of self-propelling vehicle, such as a threshing machine, a road roller or a heavy caterpillar scraper or power shovel. The terms of the policy indicate there was no intention to include a farm tractor or any such machinery within the clause "automobile or automobile truck." Since a motor truck clearly is an automobile in common parlance, using both terms must have been to signify "automobile" meant a passenger car as distinguished from a truck or other gasoline driven vehicle. "Farm tractor" is no synonym of "automobile."

The Court in that opinion stated the following:

Under the heading "additional provisions" it was stated

inter alia, that the term "automobile" as used in the policy did not include a motorcycle or airplane. The court regarded the specific exclusion provision as enlarging the meaning of "automobile" from its ordinary and popular sense to its generic sense, applying expressio unius est exclusio alterius. *Koser* v. *Am. Casualty Co. of Reading*, 162 Pa. Super, 63, 56 A. 2d, 301, 302.

In that decision the Court held that the term "automobile" as used in the policy would include a farm tractor used generally and solely for agricultural purposes in view of the fact the exclusion clause enlarged the meaning of the term "automobile" from its ordinary and popular sense to its generic sense, that is including any self-propelled vehicle except motor vehicles and vehicles used for aerial navigation.

In another recent case of *Mittelsteadt* v. *Bovee*, Wis. 2d, 44, decided by the Supreme Court of Wisconsin on January 5, 1960, it was held that the word "automobile" within a liability policy did not include a motorcycle and the Court stated the language used in the policy must be given its ordinary and commonly accepted meaning. The annotation which follows several decisions were cited relative to the meaning of the word "automobile" as relating to insurance policies.

Argument is made by the defendant of the fact that the low premium charged for this type of policy would indicate that coverage of the particular vehicle herein involved would not be included as it would be the intention of the insurer to limit its risk in such cases. The fact that the premium may have been minimal certainly would not be basis for denying recovery if the language is such as to include coverage. The language herein would be such as to not include "farm tractor" within the term "automobile" as used in the policy.

In deciding what meaning should be given to the term "automobile" the Court is of the opinion that consideration must be given to the matter of construction to be applied to the provisions of the insurance policy. These various rules of construction are set forth in 30 Ohio Jurisprudence 2d, 211, of said volume the following is stated:

"Words and phrases used in a policy of insurance are to be construed as used in their general, plain, ordinary, usual,

and popular sense, rather than in a technical sense, unless they have been given a contrary legal construction or have acquired a commercial meaning by usage or are peculiar to some art, trade, or science or have thereby acquired a technical meaning, or unless it is apparent from the context that a distinct and particular meaning was intended. So it has been said that in insurance, as in other contracts, the court should look to the plain and obvious import of the words used by the parties to express the terms and conditions of their agreement and should give the words used in the policy their usual and accepted meaning. No new or changed contract is to be arrived at, either by ascribing finely drawn connotations to simple terms or by disregard for the simplicity or plainness of terms used, and the meaning of such terms may not be distorted either to evade or to impose liability. Although it is competent for the parties by plain stipulation to qualify or restrict the popular meaning of words in a policy, to do so, the purpose must have been clearly expressed in suitable language. However, terms or phrases which have a technical meaning in the business to which the contract refers will be interpreted according to such meaning unless a contrary intention is clearly expressed. To illustrate, in interpreting an insurance policy which deals entirely with banking practice and custom, terms or phrases in the policy which have acquired a technical meaning in the banking business will be accorded that meaning unless a contrary intention is clearly expressed.''

As relating to the rules of liberal construction in favor of the insured at page 225 appears the following language:

''It is one of the best known principles of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured or his beneficiary, and strictly as against the insurer. Stated more fully, the Ohio courts undoubtedly accord with the generally accepted rule that if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different but sensible and reasonable constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the insured or his beneficiary.''

It is also to be noted in the Motor Vehicle Section of Section 4501.01, Revised Code, that the term "motor-vehicle" is defined as follows:

"Motor vehicle means any vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well drilling machinery, ditch digging machinery, farm machinery, threshing machinery, hay bailing machinery, and agricultural tractors and machinery used in the production of horticultural, agricultural, and vegetable products."

It is clear that the Courts have generally adopted a construction as to the word "automobile" in insurance policies which would give said term a literal meaning rather than a generic meaning with one or two exceptions. The Court is of the opinion that this policy is one formulated by the defendant and if it was intended to exclude coverage under circumstances which occurred in this case that provision could have been made to do so. It is of further significance that the policy defined what is meant by "farm automobile" in that such definition would not include a tractor. It is to be further noted that in Coverage C as to exclusions paragraph (b) it states:

"This policy does not apply under part 11 to bodily injury: (b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than the automobile defined herein as an "owned automobile," or (2) while occupying or through being struck by a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads or a vehicle operated on rails or crawler treads."

It is to be noted that in this exclusion specific mention is made relative to farm tractors while used off public roads but if it was the intention of the insurer to exclude farm tractors when used on public roads such provision could have been made in the policy but no such provision is made. Apparently the defendant in adopting the language used in the exclusion clause

by mentioning a "farm type tractor" was of the opinion that it would not have been included within the prior provision of "owned automobile" as otherwise the prior provision would have prevailed and this would simply be surplusage.

In oral argument the defendant mentioned the case of *Carson* v. *Nationwide Ins. Co., supra,* as having a bearing relative to the definition of the word "automobile." In that case the definition was principally based on what is meant by the phrase "struck by an automobile." There was only a passing mention made at the end of the opinion relative to the phrase "owned automobile" and the Court is of the opinion that the wording of the policy in that case differs from this case and has no bearing relative to the definition of the word in the instant policy.

It is therefore the opinion of the Court that the words "owned automobile" as used herein does not include a "farm tractor" and therefore the vehicle which plaintiff was riding at the time of the accident was not included within the exclusions of the policy.

3. The third issue relative to the provision previously quoted as to "farm type tractors" being excluded the policy indicates this exclusion applies to a "farm type tractor" and other equipment designed for use primarily off the public roads while not upon public roads. This exclusion would not apply to the facts herein as the tractor being driven by the plaintiff was upon a public road.

It is therefore the opinion of the Court that the exclusion relative to the "farm type tractor" as set forth in the policies has no application relative to the facts herein and this would not be a basis for denying recovery to the plaintiff.

It is therefore the opinion of the Court that the plaintiff herein was struck by an automobile on June 20, 1959, and that pursuant to the provisions of the policies was covered by part 11 as to payment of medical and hospital expenses and was not excluded by any provision of the policies and therefore judgment will be rendered in the amount of $2,000.

A journal entry consistent with the above ruling will be prepared by counsel for the plaintiff saving exceptions to the defendant.