**HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Leonard C. KAHN, Appellee.**

No. 13902.

Court of Civil Appeals of Texas.

Houston.

March 8, 1962.

Rehearing Denied March 29, 1962.

Clawson, Jennings & Clawson, Houston, Max H. Jennings, R. Philip Schulze, Jr., Houston, of counsel, for appellant.

Leonard C. Kahn, Gizella E. Salomon, Houston, for appellee.

BELL, Chief Justice.

The appellee recovered judgment against appellant for the sum of $2,232.00, which represented the reasonable cost of medical expenses incurred by appellee in furnishing necessary medical treatment and cure of injuries received by his minor son when the boy in some manner brought his bicycle into collision with an automobile.

The facts are undisputed so far as they are known. The young son in some way managed to bring the bicycle he was riding into contact with the rear of an automobile, not belonging to appellee, that was parked on a public street in the City of Houston.

Appellee had a policy of insurance that provided for medical payments to members of his family where a member was injured "through being struck by an automobile."

Appellant's position is there is no coverage because the young son was not struck by an automobile, but he struck the automobile. Appellant says the automobile must be the acting or propelling force. The policy provision actually covered medical payments where the injuries were caused by accident "while occupying or through being struck by an automobile."

Though the question presented is not free from difficulty, we have reached the conclusion that appellee's son was injured "through being struck by an automobile." While we have found no case precisely in point on the facts, there are cases that have interpreted the language used in the policy as applied to comparable situations. In the case of Carson v. Nationwide Mutual Ins. Co., 169 N.E.2d 506, the Court of Common Pleas of Ohio had before it the question as to whether the insured had been "struck by" a land motor vehicle.

It appeared the insured was driving his farm tractor along a highway and a truck ran into the tractor. The truck at no time came into physical contact with the insured. The insurer contended because there was no physical contact between the truck and the insured, insured was not "struck by" the truck. The court held that the words used in the policy were to be given their ordinary and usual meaning. Liability, it said, was to be determined in accordance with the plain, ordinary and popular sense of the language used. It then held that the insured had been "struck by" the truck. Of course, literally the collision or striking was between the two vehicles.

The Supreme Court of Texas, in the case of Hale v. All State Insurance Co., 344 S.W.2d 430, quoted extensively from the above case and approved the language used, both from the standpoint of the rules of construction employed and the conclusion reached. In the Hale case the Court had two questions before it, the first of which we need not notice. The second question was whether the insured received bodily injury "through being struck by an automobile," when an automobile struck the truck in which insured was riding but did not come into physical contact with the insured. The court held that insured was injured "through being struck by an automobile." The court quoted with approval the definition of the word "strike" as given by Webster's International Dictionary. The meanings there given the word "strike" are various, but one very significant one is "to come into collision with." See also American Casualty Co. of Reading, Pa. v. Cutshall, 205 Tenn. 234, 326 S.W.2d 443.

A case more nearly in point is that of Davilla v. Liberty Life Insurance Co., 114 Cal.App. 308, 299 P. 831, by the District Court of Appeals of California. We have there a case nearly the same as we have here. In that case the court had to determine whether the insured had been injured "through being struck." The facts were that an automobile was driven into a street ahead of the motorcycle occupied by the injured party. For some reason the automobile stopped. The injured party, in trying to stop the motorcycle, lost control of it and was thrown to the pavement. He slid along the pavement until he hit the rear wheel of the stationary automobile. He died from injuries received. The insurer contended the death was not caused by the deceased "being struck." Recovery by the beneficiary was had in the trial court. On appeal, one complaint was that part of the court's charge that included as one meaning of the word "strike", "to come into collision with." The court, in holding deceased's death resulted from his "being struck", said:

> "The policy merely requires that the insured be struck without specifying what shall strike. Its argument is based upon the assumption that the verb 'strike' requires that both its subject and its object be in motion, and that therefore the insured could not have been struck by a stationary automobile. * * * The added phrase is one of the definitions of the verb 'strike' given by Webster's Standard Dictionary. 'Collision means a striking together; violent contact; the act of colliding. * * * In simple terms it is a striking together of two objects. Both may or may not be moving. One may be stationary.' "

Here if the insurer had intended to limit coverage to injuries received as a result of insured being struck by a moving automobile, it could easily have so provided. It is a matter of common knowledge today that with extensive vehicular traffic people are very frequently injured when the vehicle they drive comes into contact with a stationary vehicle occupying the street. The policy does not require that the beneficiary be free from negligence in order to recover. The policy is truly one of insurance. We think the overriding purpose of the policy is that

the insured shall be injured as a result of collision with an automobile other than the one he may be occupying. If there is such a collision and the insured receives injuries, he has received such injuries "through being struck by an automobile."

The judgment of the trial court is affirmed.