Arnold E. BATES, Appellant,

v.

UNITED SECURITY INSURANCE COMPANY, Appellee.

No. 53188.

Supreme Court of Iowa.

Dec. 10, 1968.

Robert G. Bridges, Des Moines, for appellant.

A. Roger Witke, Des Moines, for appellee.

MASON, Justice.

Defendant United Security Insurance Company issued its family automobile policy to plaintiff Arnold E. Bates as the named insured. In this law action tried to the court he sought recovery under the medical payment section of his policy for expenses incurred in treating bodily injuries sustained in an automobile accident May 13, 1966.

Plaintiff appeals from denial of his claim.

I. All relevant facts were stipulated. Plaintiff was injured in an automobile-truck accident on Interstate 80 when a truck owned by Colonial Baking Company and driven by plaintiff in the course of his employment as a truck driver or route salesman for Colonial was struck from the rear by an approaching automobile. The truck was furnished by the baking company for plaintiff's regular use, not as a temporary substitute automobile. As a result of the accident Bates incurred necessary medical expenses of $1221.04.

The issue is whether plaintiff is entitled to recover these expenses under Part II of his policy. Defendant denied payment, contending no coverage was extended by the policy.

The policy provides inter alia:

"Part II—Expenses for Medical Services

"Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray * * * and necessary ambulance, hospital, professional nursing * * * services:

"Division 1. To or for the named insured * * * who sustains bodily injury * * * hereinafter called 'bodily injury', caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or (c) through being struck by an automobile * * *"

The trial court held plaintiff did not sustain bodily injury "through being struck by an automobile" within Part II, Coverage C, Division 1, paragraph (c) of the policy when this paragraph is considered in context of the entire Part II and that the policy language in question is not ambiguous.

A determination of the issue first involves interpretation of the policy language "struck by an automobile" in the medical payment section.

II. Plaintiff asserts the court erred (1) in holding he did not sustain bodily injury "through being struck by an automobile" within the meaning and intent of paragraph (c), supra, and (2) in holding as a matter of law the policy language under coverage (c) is not ambiguous on the ques-

tion of whether coverage is extended to plaintiff.

Plaintiff argues the court's ruling is contrary to the plain meaning of the policy, other jurisdictions faced with similar language for interpretation on similar facts have almost universally allowed recovery, holding there is no need for physical contact between the striking automobile and the insured. We consider later the decisions he cites.

Defendant, on the other hand, maintains a reasonable construction of the policy which gives effect to all its provisions and corresponds to the intent of the parties as therein reflected is that subparagraph (c) applies to situations when the insured is not occupying an automobile. It further contends a construction of the policy which interprets subparagraph (c), "through being struck by an automobile * * *," as extending coverage to an insured while driving a non-covered vehicle that is neither "owned" nor "non-owned" within the expressed definitions of the policy does violence to the intention of the parties and virtually renders meaningless subparagraphs (a) and (b) of Division 1, Coverage C, Part II of the policy.

Stated otherwise, defendant contends if coverage is extended to plaintiff it would in effect give him coverage not only in an owned and a non-owned vehicle as those terms are defined in the policy but also separate and distinct coverage while occupying a vehicle not within either category merely by purchasing coverage on two classifications.

III. Except in determining the legal consequences of the policy we do not review the case de novo but only on errors assigned. Rule 334, Rules of Civil Procedure.

It is clear there was no physical touching of plaintiff by the vehicle which collided with the one he was operating.

We consider first plaintiff's contention he was "struck by an automobile" and the cases he cites to support it. He asserts a person in a vehicle into which another vehicle crashes and injures him has been "struck" by the other vehicle and he qualifies for benefits under a policy covering injuries received "by being struck by an automobile". Plaintiff says it is not necessary the insured actually come in physical contact with the colliding vehicle.

Plaintiff relies heavily upon Carson v. Nationwide Mutual Insurance Company, Ohio Com.Pl., 84 Ohio Law Abst. 378, 169 N.E.2d 506. Although from an intermediate court, it has been cited and extensively quoted from with approval by the same court and others. It was a law action, under the medical payment provisions of an automobile policy issued him by defendant, to recover medical and hospital expenses resulting from injuries as the result of an accident when plaintiff's farm tractor was struck by a land motor vehicle while he was operating the tractor on a public highway. There was no physical touching of plaintiff's person by the vehicle which struck the tractor.

In a declaration attached to the policy plaintiff was identified as the policy holder and the auto specifically covered as insured was a Buick station wagon. The insurer denied liability and the matter was tried to the court without a jury on stipulated facts. We quote from the opinion:

"The pertinent provisions of the policy * * * are to be found on page 1 of the policy under 'Insuring Agreements' subtitled 'Coverages'. Subsection D(2) of the 'Coverages' provides for payment of all reasonable expenses incurred within one year following an accident to the policyholder whose injury was sustained:

'(a) by being struck by a land motor vehicle or trailer, *or*

'(b) while in or upon, entering or alighting from any other land motor vehicle or trailer *except one owned by* the *Policyholder* or a member of his household * * *'

"Plaintiff claims he is entitled to recover under above sub-paragraph (a) since the

injuries resulted, he contends, from his being 'struck by a land vehicle or trailer'.

"Defendant contends that sub-paragraph (b) specifically denies recovery if the injuries were sustained while in a land motor vehicle, if such vehicle is one owned by the policyholder. The defendant further contends that plaintiff was *not 'struck by* a land motor vehicle or trailer' as claimed and as that expression appears in sub-paragraph (a) *because* there was *no physical touching* between the person of the plaintiff and the vehicle which collided with the one in which he was then riding.

"The decision in this case therefore rests upon the interpretation and meaning of the language 'by being struck by a land motor vehicle or trailer' and the effect, if any, of sub-paragraph (b) of the policy which limits recovery under that sub-paragraph to injuries received while in or upon or operating a vehicle *other* than one owned by policyholder or by a member of his household.

"The first question to be considered is whether or not within the context of this policy a person is 'struck by a land motor vehicle' when the vehicle which he is then operating or on which he is riding is involved in a collision with another vehicle and such person receives injuries admittedly resulting from such accident, even though there has been no physical touching between the person injured and the vehicle which collided with the one in which he was riding or which he was operating.
"\* \* \*

"Webster's New International Dictionary devotes three full columns to the varied definitions and meanings of the word 'strike' and they include the words and phrases 'to hit', 'dash', 'clash' or 'to come in collision with'.
"\* \* \* \*

"A pedestrian who walks with the assistance of a cane, thrown to the ground when a vehicle strikes his cane from his hands without actually touching his person, caus-

ing him to be injured; two pedestrians walking side by side *only one of whom,* however, is physically brushed by a passing vehicle causing them *both* to be thrown to the ground and injured; a person seated in a swing or on a hammock, on a lawn, off the street, thrown into the air by a vehicle out-of-control, crashing into the swing or hammock but not actually touching the person of the injured; a person riding on a bicycle or motorcycle, having it hurled from under him by a passing vehicle without actually touching his person; the rear-end collisions which are a daily occurrence on our city streets, and frequently happen when a vehicle stops at an intersection for a red light and while stopped is struck by a vehicle from behind, causing injury to the operator or passenger of the stationary vehicle.

"To hold as the defendant insists, that in none of these instances was the person injured 'struck by' the offending vehicle, merely because there was no physical touching of the person injured by said vehicle, would seem to be novel, unwarranted and without justification, taking into account the common and ordinary meaning of these words and phrases which are not obscure or ambiguous and which in ordinary usage, in the opinion of this Court, are commonly understood to mean the contrary.
"\* \* \*

"Thus, the inescapable conclusion is reached that the reasonable and ordinary meaning of the words 'struck by', not elsewhere or otherwise in the policy restricted or limited, must be given and applied and that such meaning embraces and correctly describes the factual pattern in the instant case. If it be urged that the language of the policy selected by the insurer, is in the use of words 'struck by' *ambiguous or of uncertain meaning,* which this Court does not agree, it is in that case at least fairly and reasonably susceptible to the construction this Court gives it and that construction which is favorable to the insured should be adopted in accordance with the

rules of construction already and previously noted."

The court held "that when a person suffers injuries, while seated in an automobile into which another vehicle crashes or with which it collides, and such injuries result from said collision, as is admitted to be the case here, he has been 'struck by' such other vehicle and qualifies for the benefits of a contract of insurance granted when such injuries were received '*by being struck by a land motor vehicle or trailer*'."

In Wright v. Beacon Mutual Indemnity Co. (Ohio Com.Pl. 1961), 87 Ohio Law Abst. 178, 179 N.E.2d 547, plaintiff sued his insurer for injuries sustained when an automobile struck the rear of a farm wagon he was towing with a tractor and threw him against the tractor and onto the highway. No actual physical contact occurred between plaintiff and the auto. The pertinent policy language was:

"Coverage C—Medical Payments * * *

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' caused by accident, while occupying or through being struck by an automobile."

Of two issues there presented only this is pertinent here: Did plaintiff sustain bodily injury when "struck by an automobile" as provided in the policy? The court answered in the affirmative and also held coverage was not excluded under any policy provisions.

It relied on Carson v. Nationwide Mutual Insurance Company, supra, and, as we have done, quoted at length therefrom. The opinion concludes by stating that courts have taken a liberal approach to such language as "being struck by an automobile" and the ordinary meaning thereof would include the occurrence there considered.

In McKay v. Travelers Indemnity Company (Ohio App. 1963), 27 Ohio O.2d 76,

193 N.E.2d 431, plaintiff, wife of insured, was seated on a stool inside a building which was struck by a motor truck, causing canned goods on shelves to strike and throw her to the floor. Medical expenses of $256 resulted. The insurer appealed from a decision holding it liable for the medical costs.

The pertinent parts of the policy were: "The Travelers Indemnity Company agrees with the insured, * * * in consideration * * *

"Coverage C—Medical Payments
"* * *

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'Bodily injury' caused by accident, while occupying or through being struck by an automobile."

The company's sole contention was that plaintiff was not covered because she was not injured literally "through being struck by an automobile".

Holding direct contact between the automobile and the beneficiary of the insured was not necessary, the court observed that the reasonable—in fact inescapable—interpretation of the policy required such conclusion. The court continued:

"The phrase 'struck by an automobile' has been interpreted by various courts outside of Ohio. In the case of Maness v. Life & Casualty Ins. Co. of Tennessee, 161 Tenn. 41, 28 S.W.2d 339 (Supreme Court of Tennessee), the plaintiff was struck in the eye by a stone which had been thrown from the road by a moving automobile. The court held that the plaintiff was covered under the terms of an accident policy covering injury by being 'struck by a vehicle.' The court's opinion stated that it was 'immaterial that the moving car struck him with a rock instead of with some part of the machine.'

"Similarly, headnote 4 in the case of Hale v. Allstate Insurance Co., 345 S.W.2d

346 (Court of Civil Appeals of Texas) states: 'Automobile policy provision for coverage for medical payments for injury suffered through "being struck by an automobile" was applicable to cover injuries suffered by driver and passengers in collision even though actual physical contact with bodies of driver and passengers was made by their own vehicle when it was struck by second vehicle.'

"The case of Houston Fire & Casualty Ins. Co. v. Kahn, 355 S.W.2d 221 (Court of Civil Appeals of Texas), was an action under a policy of insurance which provided for medical payments to members of a family if they were injured through 'being struck by an automobile.' The court held that the insured child was 'struck by an automobile' when his bicycle collided with a parked automobile.

"The Supreme Court of Mississippi in the case of State Farm Mutual Automobile Ins. Co. v. Johnson [242 Miss. 38], 133 So.2d 288, held that an insurer was liable for the funeral expenses of an insured under the provision of a policy providing coverage for persons sustaining bodily injury through 'being struck by the automobile' where the insured was fatally injured when a plank placed under the wheels of his automobile was thrown by the automobile and struck him.

"And in the case of Labracio v. Northern Ins. Co. of New York, 66 N.J.Super. 216, 168 A.2d 628, the Superior Court of New Jersey, Law Division, held that the striking of a motor scooter on which the insured was riding constituted a striking of the insured by an automobile, within a family combination insurance policy affording coverage for medical payments arising from bodily injuries sustained when 'struck' by an automobile."

The court cited Carson v. Nationwide Mutual Insurance Company and Beacon Mutual Indemnity Co., both supra with approval.

One of the questions presented in Labracio v. Northern Ins. Company of New York, supra, was: "Is a passenger on a motor scooter which is struck by an automobile 'struck by an automobile' under the terms of the policy?" The suit was for expenses of her hospitalization and medical treatment. The insurer contended its policy did not cover the mishap since plaintiff was neither occupying nor struck by an automobile.

The medical payment provision there, read:

"Part II—Expenses for Medical Services

"Coverage C * * *

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile."

In holding that striking of the motor scooter on which insured's daughter was riding constituted striking her by automobile the New Jersey Court considered and specifically rejected Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806, 807, relied on by defendant here, and cited in support Barnes v. Great American Indemnity Co., 60 Ohio App. 114, 19 N.E. 2d 903, 904, and quoted at length from Carson v. Nationwide Mutual Insurance Company, supra.

The court declared that "interpretation here sought to be invoked by defendant would require the adoption of a strained meaning to words which are in ordinary and common use. The reasoning necessary to a holding with defendant would require a denial of the recovery in every case where there was no actual touching of the person by the offending car. * * *
"* * *

"Had it been the intention of the policy to include only liability to such persons as might be actually physically contacted by automobiles, this could have been accomplished in so many words in the covering clause of the policy itself, or in the column

entitled 'exceptions'. Or there could have been a clause explicitly limiting recovery to cases of actual physical contact with the offending vehicle. * * * Defendant failed to avail itself of any of these methods."

Under somewhat similar facts where plaintiff sought recovery under the medical payment provision of a policy resembling the one before us, DiMartino v. State Farm Mutual Automobile Ins. Co. (1963), 201 Pa.Super. 142, 192 A.2d 157, considers the question whether insured had been struck by an automobile. It recognizes that Johnston v. Maryland Casualty Company, supra, and Metropolitan Casualty Ins. Co. of New York v. Curry, 156 Fla. 502, 24 So.2d 316, require actual physical contact between the moving vehicle and the person of the insured, but notes both cases were decided by divided courts. The opinion also observes both cases had been rejected by other courts in more recent cases.

The court concluded "* * * [I]t is too strict an interpretation of the provisions of the policy here being considered to make actual physical contact between the vehicle and the person of the injured a prerequisite to recovery." The court cited Carson v. Nationwide Mutual Insurance Company; Labracio v. Northern Insurance Company of New York; Wright v. Beacon Mutual Indemnity Company, all supra, and Hale v. Allstate Insurance Company, Tex. Civ.App., 345 S.W.2d 346 and American Casualty Co. of Reading, Pa. v. Cutshall, 205 Tenn. 234, 326 S.W.2d 443.

Elrod v. Prudence Mutual Casualty Company (1965), 246 S.C. 129, 142 S.E.2d 857, rejects the insurer's contention it was not liable for double indemnity payments because insured was not "struck by" the automobile.

The policy provided:

"Part IV

"Any indemnity payable for loss of life benefits as provided for in Part III shall be doubled if such Loss of Life is sustained by the Insured while riding or driving in a private automobile of the pleasure car design, which is involved in an accident or if such Loss of Life is sustained by the Insured being struck by an automobile, truck, taxi cab or bus."

The stipulated facts admitted that at no time did the passenger automobile come in actual physical contact with the insured's person or clothing.

After distinguishing Quinn v. State Farm Mutual Automobile Ins. Co., 238 S.C. 301, 120 S.E.2d 15, on its facts the court said:

"* * * The reasoning in this case [Johnston v. Maryland Casualty Company, supra] decided in 1945, has generally been rejected by the more recent decisions from other states considering this question.

"The following cases have held that similar 'struck by' provisions in insurance policies do not require a physical touching between a vehicle involved in a wreck and the person injured: * * * [Citing authorities noted supra herein].

"We are of opinion that the latter cases are the better reasoned ones, that the narrow construction contended for by Appellant should be rejected and that Respondent's intestate was 'struck by' the automobile which collided with his pickup truck within the contemplation of the policy provisions even though it did not actually come in contact with his body."

In Hale v. Allstate Insurance Company, 162 Tex. 65, 344 S.W.2d 430, the Texas Supreme Court rejected Johnston v. Maryland Casualty Company, supra, in this language:

"Under the facts of that case we do not think it is in point in the case at bar, nor are we willing to follow the general holding as to the meaning of 'being struck by an automobile.' Rather, we agree with the reasoning and the holding of the Ohio Court in the case of Carson v. Nationwide Mutual Ins. Co. * * *"

After quoting extensively from the Carson case, the court held plaintiff could be "struck" by an automobile without actual physical touching of the person injured by the object doing the striking which in that case was an automobile running into plaintiff's vehicle.

State Farm Mutual Automobile Insurance Company v. Johnson, 242 Miss. 38, 133 So.2d 288 and American Casualty Company of Reading, Pa. v. Cutshall, 205 Tenn. 234, 326 S.W.2d 443, both supra, furnish further support for the Carson opinion and decisions which follow it.

■ We now hold the proper interpretation of the policy provision in question is that physical contact of the insured's body with the offending vehicle is not a prerequisite to recovery.

IV. Having determined plaintiff was struck by an automobile within the policy provision, we must also decide the legal operation of Coverage C thus interpreted when employed in context with the entire Part II of the policy.

Of course, plaintiff was in neither an "owned" nor a "non-owned" vehicle within the definitions of the policy at the time of the collision and if entitled to recover, he must come under the policy provision "struck by an automobile".

We understand defendant maintains coverage was not intended in those situations where insured is struck by an automobile while occupying another vehicle not within subparagraphs (a) and (b) of the policy. It asserts the question of exclusion is not involved, coverage was just not afforded under the circumstances here.

In support of this contention defendant argues if we construe subparagraph (c) as being intended to extend coverage to an insured driving an automobile other than an "owned" or "non-owned" vehicle, we are in effect penalizing the insurance company for seeking to grant coverage and benefits to plaintiff when he was outside an automobile and struck by another automobile, which is the clear intent of subparagraph (c) when the entire policy is considered. Defendant further maintains such construction would render subparagraphs (a) and (b) obviously as of no significance, surplusage and meaningless. It asserts the entire contract must be considered and interpreted as a whole.

In Archibald v. Midwest Paper Stock Company, 260 Iowa 1, 148 N.W.2d 460, 463, we said:

" ' * * * (T)his jurisdiction has adopted the rule that a contract should be read and interpreted as an entirety rather than seriatim by clauses and that the position of clauses in such instrument is not material or controlling. We think this holding is in accord with the majority of the better considered and more modern authorities elsewhere.' Mealey v. Kanealy, 226 Iowa 1266, 1277, 286 N.W. 500, 506, 131 A.L.R. 945, where the authorities are collected and reviewed." See also Mallinger v. State Farm Mut. Auto. Ins. Co., 253 Iowa 222, 232–233, 111 N.W.2d 647, 652–653; Teig and Johnson v. Speelmon, Iowa, 153 N.W.2d 818, 821; and 3 Corbin on Contracts, section 549.

■ But while considering the insurance contract as a whole, "the court should ascertain what the insured, as a reasonable person, understood the policy to mean, not what the insurer actually intended. * * * We have said on several occasions a contract of insurance should not be construed through the magnifying eye of the technical lawyer but rather from the standpoint of what an ordinary man would believe it to mean. * * * [Citing authorities]" Goodsell v. State Automobile and Casualty Underwriters, Iowa, 153 N.W.2d 458, 461. See also concurring opinion in Mallinger v. State Farm Mut. Auto. Ins. Co., supra, 253 Iowa at 234, 111 N.W.2d at 654, where it is said, "Policies written and sold to the public should not require the services of an expert in semantics to determine coverage." And see Langlas v. Iowa Life Ins. Co., 245 Iowa 713, 716, 63 N.W. 2d 885, 887, and citations.

**398**

Subparagraphs (a), (b) and (c) of Coverage C, Part II, are each set apart with subparagraph (c) being joined by the conjunction "or". As used in its ordinary sense the word "or" marks an alternative indicating the various members of the sentence which it connects are to be taken separately. People v. Vraniak, 5 Ill.2d 384, 125 N.E.2d 513, 517, where authorities are collected. The word "or" is defined in The Random House Dictionary, page 1011, as "used to connect alternative terms for the same thing". See also Globe Indemnity Company v. Teixeira (D.Hawaii) 1964, 230 F.Supp. 451, 456; 30 Words and Phrases, "Or", commencing at page 33; and Caster v. McClellan, 132 Iowa 502, 504, 109 N.W. 1020, 1021, where we said "the word [or] shall be given its natural and ordinary meaning as a disjunctive participle. * * * The word 'or' marks an alternative and generally corresponds in meaning to the word 'either'. It signifies that one of two things may be done, but not both."

 We therefore hold the legal operation of subparagraph (c) in this policy must be treated as an additional and separate coverage for the factual situation here. We believe this will give effect or meaning to every clause in Coverage C. It "is by words and other symbols that are grouped in phrases and sentences and paragraphs and chapters and volumes that meanings are expressed and conveyed to others, not by separate words in a disconnected row. * * * Neither a proper interpretation nor a just determination of legal effects can be reached without giving due consideration to all the parts of a contract. * * *" 3 Corbin on Contracts, section 549.

If the insurer desired to limit coverage under subparagraph (c) to situations where the policy beneficiary was outside an automobile, it had the opportunity but failed to do so.

We have studied all decisions cited by defendant. We believe we have sufficiently distinguished Johnston v. Maryland Cas-

ualty Co., supra, 22 Wash.2d 305, 155 P.2d 806, upon which it relies. Some of the authorities cited support our statement in Goodsell v. State Automobile and Casualty Underwriters, and Archibald v. Midwest Paper Stock Company, both supra. Others are not persuasive in support of defendant's position.

V. We do not consider plaintiff's second assignment of error meritorious.

VI. Under the stipulated facts there is no question as to the amount, necessity or reasonableness of plaintiff's expenses. With direction to set aside the judgment for defendant and enter judgment for plaintiff in the stipulated amount, the case is reversed and remanded.

All Justices concur.