McKay, Plaintiff-Appellee, *v.* Travelers Indemnity Company, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26333.   Decided October 31, 1963.

*Messrs. Klein, Zucker & Gross,* for plaintiff-appellee.
*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for defendant-appellant.

*Per Curiam.*   This appeal on questions of law from the Municipal Court of Cleveland involves a single question in connection with the interpretation of the medical payments coverage of a "Family Automobile Policy" sold by the defendant to the husband of plaintiff and in effect on October 6, 1960.

On that date plaintiff was seated on a stool inside of a building at 6217 Kinsman Road in Cleveland when the building was struck by a motor truck causing certain canned goods in glass, tin, and cardboard containers to be tumbled from shelves which reached to the ceiling and to strike plaintiff, causing her to fall from the stool to the floor, thereby suffering certain injuries and incurring medical expenses in the amount of $256.64.

The pertinent parts of the policy are as follows:

"The Travelers Indemnity Company agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:

"* * *

"Coverage C—Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services.

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile."

Appellant company urges that plaintiff, wife of the insured, is not covered by such medical reimbursement clause of the insurance policy because she was not injured literally "through being struck by an automobile." There was a clear admission by counsel for appellant in his opening statement that "plaintiff was sitting inside the building and the automobile struck the building." It is further clear from the record that this accident of the automobile hitting the building set in motion the sequence of events which culminated in injury to the plaintiff.

Ohio courts have uniformly held, in accordance with the generally accepted principles of insurance law, that a contract of insurance is to be construed liberally in favor of the insured or his beneficiary and strictly as against the insurer. If any part of an insurance contract is so drawn that there is an un-

certainty therein which requires interpretation because it is fairly susceptible of two different sensible and reasonable constructions, then that construction which is most favorable to the insured or his beneficiary will be adopted if it is consistent with the objects of the insurance policy. *Great American Mutual Indemnity Co.* v. *Jones*, 111 Ohio St., 84, 144 N. E., 596; *American Policyholders Ins. Co.* v. *Michota*, 156 Ohio St., 578, 103 N. E. (2d), 817; *Yeager* v. *Pacific Mutual Life Ins. Co.*, 166 Ohio St., 71, 139 N. E. (2d), 48.

Does the policy in question herein, therefore, require that there be actual physical contact between the automobile and the wife of the insured in order that she may benefit under her husband's policy? It is our conclusion and we so hold that direct contact between the automobile and the beneficiary of the insured is not necessary. Under the factual situation in this case, the reasonable, in fact, the inescapable interpretation of the terms of the policy requires such conclusion. In our opinion, the ordinary meaning of the phrase "struck by an automobile" certainly comprehends and includes such facts as developed in this case.

The phrase "struck by an automobile" has been interpreted by various courts outside of Ohio. In the case of *Maness* v. *Life & Casualty Ins. Co. of Tennessee*, 28 S. W. (2d), 339 (Supreme Court of Tennessee), the plaintiff was struck in the eye by a stone which had been thrown from the road by a moving automobile. The court held that the plaintiff was covered under the terms of an accident policy covering injury by being "struck by a vehicle." The court's opinion stated that it was "immaterial that the moving car struck him with a rock instead of with some part of the machine."

Similarly, headnote 4 in the case of *Hale* v. *Allstate Insurance Co.*, 345 S. W. (2d), 346 (Court of Civil Appeals of Texas) states:

"Automobile policy provision for coverage for medical payments for injury suffered through 'being struck by an automobile' was applicable to cover injuries suffered by driver and passenger in collision even though actual physical contact with bodies of driver and passenger was made by their own vehicle when it was struck by second vehicle."

The case of *Houston Fire & Casualty Ins. Co.* v. *Kahn*, 355 S. W. (2d), 221 (Court of Civil Appeals of Texas), was an action under a policy of insurance which provided for medical payments to members of a family if they were injured through "being struck by an automobile." The court held that the insured child was "struck by an automobile" when his bicycle collided with a parked automobile.

The Supreme Court of Mississippi in the case of *State Farm Mutual Automobile Ins. Co.* v. *Johnson*, 133 So. (2d), 288, held that an insurer was liable for the funeral expenses of an insured under the provision of a policy providing coverage for persons sustaining bodily injury through "being struck by the automobile" where the insured was fatally injured when a plank placed under the wheels of his automobile was thrown by the automobile and struck him.

And in the case of *Labracio* v. *Northern Ins. Co. of New York*, 168 A. (2d), 682, the Superior Court of New Jersey, Law Division, held that the striking of a motor scooter on which the insured was riding constituted a striking of the insured by an automobile, within a family combination insurance policy affording coverage for medical payments arising from bodily injuries sustained when "struck" by an automobile.

In passing it might be well to note that this question has also been considered by the common pleas courts of this state. See: *Carson* v. *Nationwide Mutual Ins. Co.*, 84 Ohio Law Abs., 378, 169 N. E. (2d), 506; *Wright* v. *Beacon Mutual Indemnity Co.*, 87 Ohio Law Abs., 178, 179 N. E. (2d), 547.

It is our determination that the trial court was correct in entering judgment for the plaintiff-appellee and such judgment is affirmed.

Exceptions. Order see journal.

KOVACHY and CORRIGAN, JJ., concur.
HURD, P. J., not participating.