252 So.2d 186 (1971)
Calvin LEGER et al., Plaintiff and Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant and Appellant.
No. 3549.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1971.
Rehearing Denied September 23, 1971.
*187 L. H. Olivier, Lafayette, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for benefits under the "medical payments" coverage of an automobile liability policy. Plaintiff's minor step-son, Steven Hebert, received personal injuries while operating a Honda motorcycle which collided with an automobile being driven by Mr. Sam Griffith. The defendant, Allstate Insurance Company, carried liability insurance on a vehicle of Mr. Calvin Leger, which afforded medical payments coverage to his relatives living in his household. The district judge awarded plaintiff medical expenses of $802, together with penalties and attorney's fees. Defendant appealed.
The principal issue on appeal is whether the youth on the motorcycle was injured through being "struck by" an automobile, within the meaning of the defendant's policy.
The policy provides medical payments coverage to the following:
"(1) The name insured and any relative who sustains bodily injury while occupying or through being struck by an automobile; * * *" (emphasis supplied)
*188 The facts of the accident are that Steve Hebert was operating a Honda motorcycle in a northerly direction at a speed of about 40 miles per hour on Louisiana State Highway No. 167. Mr. Sam Griffith was driving his stationwagon automobile in a southerly direction and turned left across the north bound lane of traffic. The youth applied the brakes of his motorcycle and skidded into the right hand side of the automobile. At the time of the collision, the automobile was going about 4 miles per hour.
Defendant contends the motorcycle "struck" the automobile and hence the motorcycle was not "struck by" the automobile within the contemplation of the policy.
Defendant relies principally on Bowab v. St. Paul Fire & Marine Insurance Company, 152 So.2d 66 (La.App., 3rd Cir. 1963). In that case plaintiff had removed a wheel and tire from his boat trailer, and was attempting to replace a missing bolt in the wheel, when the tire exploded, causing the tire and a part of the wheel to strike plaintiff. We reviewed jurisprudence from other states and noted that recovery was allowed in many cases where the vehicle itself was moving and its momentum played a part in the blow. We concluded:
"Applying the common and usual signification to those words, as required by Article 1946 of the LSA-Civil Code, we conclude that the parties to the insurance contract intended that plaintiff was to be insured against the usual injuries from an automobile (or trailer in this case) resulting from being struck, run into or run down by the vehicle, and that there was no intent to provide coverage for the unusual type of accident which occurred here, where the trailer did not in any way participate in causing the blow. See also American Casualty Company of Reading, Pennsylvania v. Cutshall, 205 Tenn. 234, 326 S.W.2d 443; 78 A.L.R.2d 1054."
Of course, defendant recognizes that the Bowab case is distinguishable from the present matter on the facts. However, defendant seeks to construe the above quoted language from Bowab to mean that the entire momentum and force of the blow must come from the moving automobile. This contention has no merit.
Actually, we noted in Bowab the majority rule that if the automobile is moving this satisfies the requirement that the insured be "struck by" the automobile. We are fortunate now to have a 1970 Annotation on the precise issue in 33 A.L.R.3d 962, et seq. A review of these cases shows that where the offending automobile is in motion there is no question that the insured was "struck by" the automobile. Actually, a majority of the cases from other states holds the phrase "struck by" does not even require that the automobile be in motion, but we do not have that situation here.
In the present case, Mr. Sam Griffith testified that at the time of the collision he was in the process of making a left turn and that his automobile was moving at a speed of about 4 miles per hour. Since the automobile was moving and provided part of the force for the blow, there can be no question that the insured was "struck by" the automobile within the contemplation of the policy provisions.
The district judge also awarded plaintiff penalties and attorney's fees under LSA-R.S. 22:658, which provides that under policies other than life and health and accident, the insurer must pay the claim within 60 days after receipt of satisfactory proof of loss, and when failure to pay the claim "is found to be arbitrary, capricious, or without probable cause," this subjects the insurer to penalties and attorney's fees.
*189 In the present case we think it is clear that the insurer was arbitrary and capricious in failing to pay the claim. It is true there is no Louisiana case precisely in point, but the general rule in the jurisprudence of other states is that where the offending automobile is moving, the insured is "struck by" the automobile. This is the common and usual signification of the words "struck by". Defendant cites no authority to the contrary.
The district judge awarded plaintiff a penalty of 25% of the amount of the medical expense. Defendant contends the penalty should be only 12%. The statute, LSA-R.S. 22:658, provides for 12% on all policies other than life and health and accident. Then the last sentence contains the proviso:
"Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."
We have construed LSA-R.S. 22:658 to mean that 25% penalties are applicable only to fire and theft coverage on motor propelled vehicles and the like, Welch v. New York Underwriters Insurance Company, 145 So.2d 376 (La.App., 3rd Cir. 1962); Roberts v. Houston Fire & Casualty Company, 168 So.2d 457 (La.App., 3rd Cir. 1964). Accordingly, the penalty in the present case, which involves medical payments coverage under an automobile liability policy, is only 12%.
For the reasons assigned, the judgment appealed is amended to reduce the penalty from 25% to 12% of $802, or the sum of $96.24. Otherwise than as herein amended, the judgment is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed, as amended.