Bernard Dubin, J.
In this action by plaintiff insurance company for a declaratory judgment to determine the respective rights of the parties under the medical payments provision of the “ Crusader Policy ” issued to defendant, wherein the defendant interposed a counterclaim for the sum of $5,000 under such provision, defendant moves to dismiss the complaint upon the ground that the cause of action is without merit, and for judgment -on the counterclaim.
Plaintiff issued its policy covering a 1967 Chevrolet and a 1966 Ford, which policy provides for medical payments insurance. Plaintiff issued two separate insurance certificates for each vehicle and each certificate recites that the limit of the automobile medical payments for each person is $5,000 and a separate premium for such medical payments is specified.
The defendant insured was injured on January 15, 1971 while in or about the 1966 Ford. As a result thereof, he required medical treatment at a cost in excess -of $10,000. He made claim against the plaintiff for $10,000 predicating -such claim on his right to receive the maximum of $5,000 in view of the separate coverage for each vehicle. Plaintiff recognized its obligation to the extent of $5,000 and paid such sum to defendant. The defendant commenced an action against the plaintiff in the Civil Court of the City of New York, Queens County, to recover the additional sum of $5,000, which was followed by the action in this court for the declaration of the rights of the parties.
The question presented to this court is whether, under the terms of the policy, $5,000 is the limit -of the liability of plaintiff, although the policy provides coverage on two automobiles with premiums for medical payments allocated to each separately. Stated in another form, the question posed is whether under such circumstances, the liability of the insurer is limited to the separate amount provided with respect to a single vehicle, or whether it extends to and encompasses, as a total, the sum of the individual amounts payable as to each insured automobile. The question has arisen heretofore in other jurisdictions and reference thereto will be made below.
It is noted that defendant does not claim that he is entitled to receive a sum in excess of his actual disbursements. He is not seeking duplication of payment -simply because each of the vehicles has coverage for medical payments. On the contrary he seeks his actual medical outlay, limited, however, to $10,000.
*630 The policy contains the following provision: “ 3. Insurance on two or more vehicles. When two or more automobiles are insured by this policy, the terms of this policy shall apply .separately to each ’ ’.
Plaintiff urges that its liability is limited to the vehicle involved in the accident and it relies heavily upon Poland v. Allstate Ins. Co. (25 A D 2d 16 [3d Dept.]), but such reliance is misplaced. In that case, the insurer issued its “ Crusader Policy” covering two automobiles, one separate sheet being attached to the policy for each automobile with a limit of liability of $10,000 for each person. Thereafter, one of the automobiles was involved in an accident resulting in personal injuries and a judgment was recovered against the insured for $36,800. The insurer paid a sum under the policy covering the automobile involved in the accident but refused to pay an additional sum under the coverage for the second vehicle. The court held that the provision “when two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each” means nothing more than to render the policy applicable to whichever car insured under the policy .is involved in an accident. It is emphasized at this juncture that Poland {supra) was concerned with the liability features of the policy and, while a hurried reading of the opinion may lead one to conclude that the same reasoning should apply to the medical payments provision, such conclusion does not survive close analysis.
Under the liability insurance provisions of plaintiff’s “ Crusader Policy ” it undertook to pay for its insured all damages for which the insured became legally obligated to pay because of bodily injuries sustained by any person arising out of the ownership, maintenance or use of the owned automobile or a nonowned automobile. Implicit in such provision is the insurer’s undertaking to assume responsibility up to the limit of the policy for damages arising out of an occurrence in which a single automobile is involved, when operated by the insured or those persons coming within the policy definition of an insured person. Under the medical payments provision, plaintiff undertook to pay to the “ named insured and any relative who sustains bodily injury while occupying or through being struck by an automobile ”. The upshot of this provision is the undertaking by the plaintiff to indemnify the insured person for his medical expenses and such injured person’s claim is contractual in nature, having no relationship to who is at fault in causing the injuries.
Since separate premiums were paid with respect to each vehicle, it is reasonable to conclude that the additional premium *631 charged for the inclusion of a second car was intended to afford some corresponding added benefit to the insured. If plaintiff insurer intended to limit the medical payments to the amount of $5,000 irrespective of the payment of dual premiums, it was incumbent upon it to have so stipulated in no uncertain language ; otherwise, the insured had a right to conclude that the payment of two premiums entitled him to total coverage.
Both before and after Poland (25 A D 2d 16, supra), appellate courts of other jurisdictions have had occasion to construe the provisions of policies substantially the same as the one in the case at bar. These decisions are not in agreement, but it is well to note that in Poland no reference was made to any of the cases theretofore decided. It appears that the question now posed is one of first impression in New York.
In Appleman, Insurance Law and Practice (vol. 8, § 4896, 1972 pocket part, p. 169), it is concluded that where a single poliqy covers two automobiles, a premium being established for each, the insured is entitled to medical expenses as on two separate policies.
In Government Employees Ins. Co. v. Sweet (186 So. 2d 95 [Pla. List. Ct. App.]) the insureds had one policy covering two vehicles. One of the insureds was injured while driving one of the two insured vehicles and had undisputed medical expenses exceeding $3,000. The limit of liability for medical payments coverage in the amount of $3,000 and the premiums therefor were separately stated for each vehicle, as in the case at bar. The policy contained a provision that “ when two or more automobiles are insured here.nnder, the terms of this policy shall apply separately as to each The .court held that the insurer’s limit of liability was $6,000. The court differentiated between medical payments coverage and public liability insurance, holding that the medical payments coverage applies to all medical expenses of the named insured while occupying or through being struck by an automobile (except an automobile owned by or furnished for the regular use of the named insured which is not described in the policy). This, the court emphasized, is the feature which makes medical payments insurance coverage an entirely different type of insurance than public liability or property damage insurance where coverage is attributed to the vehicle causing the damage. Medical payment provisions, the court added, are closely akin to a personal accident policy and recovery is completely independent of liability on the part of the insured.
*632 In effect, the court in Sweet (supra) found that the insureds had purchased two amounts of medical coverage in one policy since each automobile had a medical provision for which separate premiums had been paid and further since the medical insurance on each car was payable if the insured was injured in any car (except that owned by the insured but not named in the policy), the court held that the injured insured was entitled to collect the amounts due under the medical coverage provisions of both cars.
In Allstate Ins. Co. v. Mole (414 F. 2d 204 [C. A. 5th]), the court recognized the distinction between liability insurance and medical coverage insurance where two cars are insured under the same policy, citing Sweet and concluding that (pp. 207-208) 1 ‘ our court has also recognized the distinction between medical insurance and public liability insurance and refused to allow multiplication of coverage in the latter ”.
In a number of other cases in other jurisdictions dealing with the limits of amount of medical insurance coverage where the terms of the policy were similar if not identical to the one with which the court is now concerned, the courts found the terms of the policy to be ambiguous or in conflict and therefore applied the general rule that insurance contracts are to be strictly construed against the insurer so as to provide the maximum coverage to the insured. In other instances, the single policy covering more than one automobile was interpreted as being, in fact, two insurance contracts under each of which the insured was entitled to a full recovery, the courts finding support for such interpretation not only in the language of the policy that when two or more automobiles are insured, the policy applies separately to each, but also in the fact that a separate premium charge was made with respect to each vehicle. Still other courts have grounded their holdings upon the reasoning that under the terms of the policy involved, it was impossible to relate the coverage to a particular vehicle and consequently the ^limits of liability were to be applied separately to each vehicle so as to provide an aggregate coverage equaling the sum of the limits for each. (See Harlow v. Southern Farm Bur. Cas. Ins. Co., 439 S. W. 2d 365 [Ct. of Civ. App. of Texas]; Kansas City Fire & Mar. Ins. Co. v. Epperson, 234 Ark. 1100; Southwestern Fire & Cas. Co. v. Atkins, 346 S. W. 2d 892 [Ct. of Civ. App. of Texas]; Travelers Ind. Co. v. Watson, 111 Ga. App. 98; Central Sur. & Ins. Corp. v. Elder, 204 Va. 192; Virginia Farm Bureau Mut. Ins. Co. v. Wolfe, 212 Va. 162.)
Contrary results have been reached in Guillory v. Grain Dealers Mut. Ins. Co. (203 So. 2d 762 [Ct. of App. of La.]) and *633 Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co. (276 N. C. 348). In Guillory, the court distinguishes the cases to the contrary on the theory that the person was injured while in a vehicle other than the ones insured. In Wachovia, the court pointed up that (pp. 355-356) “we do not have before us the question of the maximum recovery afforded by two separate policies written by the same insurance company upon two separate automobiles owned by the same insured and we express no opinion thereon The court rather construed the policy as one contract having two automobiles, holding that the provision in the policy that when two or more automobiles are insured thereunder the terms of the policy shall apply separately to each merely had the effect of repeating as to each automobile all of the terms applicable to the medical payments coverage provision. The court did acknowledge that its conclusion was contrary to decisions of other courts and it is noted at this time that two of the Justices of the Supreme Court of North Carolina dissented.
Reverting to the general principle that when there is doubt or uncertainty or where the language of a policy is susceptible of two constructions, it is construed liberally in favor of the insured, the court concludes that any doubt or uncertainty in the case at bar should be resolved in favor of the defendant insured and therefore holds that the limit of liability of plaintiff insurer, insofar as the medical insurance coverage, is the total of coverage for the two vehicles which it insured.
Settle order which shall provide for a judgment declaring the rights of the parties, in accordance with the foregoing opinion.