302 So.2d 625 (1974)
Lillian VALLOT, Plaintiff-Appellant,
v.
ALL AMERICAN INSURANCE COMPANY, Defendant-Appellee.
No. 4720.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Cooper & Sonnier by Gary E. Theall, Abbeville, for plaintiff-appellant.
Thibaut & Thibaut by John S. Thibaut, Jr., Baton Rouge, for defendant-appellee.
Before FRUGÉ, MILLER and WATSON, JJ.
MILLER, Judge.
Plaintiff Lillian Vallot appeals the judgment denying defendant All American Assurance Company's insurance coverage under a travel and accident certificate issued to her husband Edmar Broussard, Jr. Edmar was killed when his tractor was struck from the rear by an overtaking truck. We reverse and render judgment for plaintiff.
Defendant All American Assurance Company issued a certificate of Accident and Travel Insurance to Edmar in connection with his membership in the American Motor Club. The benefit payable to plaintiff was $2500 for loss of life in a covered accident.
*626 On March 15, 1972, Edmar used his farm tractor to make levees in a field near his home. On completion of that work, he started home driving his tractor on Louisiana Highway 82. Some 250 yards short of reaching the turnoff to his farm, Edmar's tractor was struck from the rear by an overtaking pickup truck and turned over on the highway. Edmar was pinned under the overturned tractor, which burst into flames. He died almost instantly as a result of injuries sustained in the accident.
The policy provided coverage for accidental death if it occurred.
(b) while driving a farm tractor, which shall mean a commonly accepted motorized tractor, in the usual and customary activities of farming and not used for any other purpose or upon public streets or highways; or
(c) by the explosion or burning of an automobile, truck or farm tractor; or
(d) by being struck or run over by a moving automobile or moving truck being driven by operator on the public streets or highway; or
(e) by being struck or run over by a moving farm tractor when such vehicle has an operator.
All American argues that the scope of this insurance policy as contemplated by the parties was unequivocably stated to delete coverage when the tractor is on the highway. But there is no exclusionary clause so providing. The clause cited by All American has to do with the specific coverage under sub-section (b). We do not consider this provision, for we find coverage under section (d).
As to coverage (d), the trial court reasoned that decedent was not "struck or run over" by the overtaking pickup truck. The trial court found that on the contrary the overtaking truck struck the tractor causing the tractor to overturn and pin decedent to the highway.
Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1 Cir. 1971) interpreted a provision in a medical benefits claim providing benefits if the injury was sustained "through being struck by an automobile...." Plaintiff was driving an automobile and his person did not come into contact with the other vehicle. Recovery was allowed on finding plaintiff had been "struck" by an automobile. A similar result was reached in the Ohio case of Carson v. Nationwide Mutual Insurance Co., Ohio Com.Pl., 169 N.E.2d 506. See also Landry v. State Farm Mutual Automobile Insurance Company, 298 So.2d 291 (La.App. 1 Cir. 1974) and Leger v. Allstate Insurance Co., 252 So.2d 186 (La.App. 3 Cir. 1971).
All American seeks to distinguish the Blanchard case in that it construed a policy provision interpreting "struck" whereas we are here interpreting "struck or run over". All American argues that the word "or" is used to connect alternate terms describing the same thing and cites Johnston v. Maryland Casualty Company, 22 Wash.2d 305, 155 P.2d 806 (1945) in support of its contention. The provision considered in the Johnston case was "struck or run over", however the court did not interpret the phrase "or run over" as defendant contends. Johnston did hold that to be "struck by an automobile" their insured had to be physically touched by some vehicle other than his own. This holding was specifically rejected in Blanchard, supra.
All American places great weight on the interpretation of the word "or" in the phrase "struck or run over" and asks us to read "or" to mean "and". The word "or" is ordinarily used to mean one or the other of two, but not both. Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1945); Thomas v. Universal Life Insurance Co., 201 So.2d 529 (La.App. 3 Cir. 1967); Lloyd v. Succession of Lloyd, 73 So.2d 665 (La.App. 2 Cir. 1954); Bordelon v. National Life & Accident Ins. Co., 187 So. 112 (La.App. Orls., 1939). There *627 are cases which have interpreted the word "or" to mean "and". Bradford v. Louisiana Public Service Commission, 189 La. 327, 179 So. 442 (1938); State v. Bergeron, 235 La. 879, 106 So.2d 295 (1958). Both cite 3 C.J.S. and P. 1068, which reads:
This construction ("and" and "or" mean the same thing) however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity ....
We find the word "or" as used in the phrase "struck or run over" to be used in its ordinary usage to mean one or the other of two, but not both.
Coverage (d) is not limited to those situations where the insured is a pedestrian at the time he is "struck". The fact that the overtaking pickup truck struck decedent's tractor and it was not established that the pickup truck physically touched decedent's person does not exclude coverage.
Plaintiff sought penalties and attorney's fees under the provisions of LSA-R.S. 22:657. This claim for accidental death benefits is governed by the provisions of subsection B. Where the claim is not paid within sixty days "without just cause" the penalty is set at "six percent per annum from date of receipt of due proof of death by the insurer until paid." LSA-R.S. 22:657, subd. B; Willis v. Willis, 287 So.2d 642 (La.App. 3 Cir. 1974), and cases cited therein at page 647.
We find All American's refusal to pay benefits to have been made "without just cause". Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113 (1956); Thomas v. Universal Life Insurance Company, 201 So.2d 529 (La.App. 3 Cir. 1967); Leger v. Allstate Insurance Company, 252 So.2d 186 (La.App. 3 Cir. 1971); Dupre v. Hartford Life Insurance Company, 291 So.2d 824 (La.App. 3 Cir. 1973).
The trial court judgment is reversed and set aside. It is hereby ordered, adjudged, and decreed that plaintiff have judgment against defendant in the amount of $2500, together with penalties of 6% per annum interest from date of receipt of due proof of the insured's death, until paid. Plaintiff is also awarded legal interest on these sums from date of judicial demand until paid. All court costs at trial and on appeal are assessed to defendant appellee.
Reversed and rendered.