313 So.2d 260 (1975)
CONTINENTAL CASUALTY COMPANY and Multicon Construction Corporation
v.
Delores McCLURE et al.
No. 6194.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1975.
Rehearing Denied June 11, 1975.
*261 Deutsch, Kerrigan & Stiles, Raymon G. Jones, New Orleans, for plaintiffs-appellants.
Hammett, Leake & Hammett, Craig R. Nelson, New Orleans, for defendants-appellees.
Before LEMMON and STOULIG, JJ., and MARCEL, J. Pro Tem.
LEMMON, Judge.
This is an action by an apartment building owner and its subrogated fire insurer to recover fire damage to the building allegedly caused by the minor children of the three defendants. Plaintiffs have appealed from a summary judgment dismissing one of the defendants.
Plaintiffs' petition alleged that the three minors were the sole occupants of the apartment immediately prior to and at the time of the fire; that the fire was caused by their playing with matches or cigarettes; and that the children's administrators were liable either vicariously for the children's torts or individually for failing to properly supervise the children. Further alleging that the facts of the accident were entirely within the knowledge of the three defendants and their minor children, plaintiffs also pleaded the applicability of the doctrine of res ipsa loquitur.
Donald Fleming, one of the defendants, answered the petition and then filed a motion for summary judgment. In support of his motion, Fleming filed an affidavit by his minor son, stating the fire started in an upstairs bedroom in Mrs. Delores McClure's apartment; that on the day of the fire he was in and out of the McClure apartment but was never in the upstairs bedroom where the fire started; that the other two minors were upstairs in the bedroom several minutes before the fire started, *262 and that one of the minors had been smoking when he went upstairs; and that when the fire broke out upstairs, the other two minors ran outside.
Plaintiffs filed no opposing affidavits. They did, however, file a brief, to which they attached a copy of the Fire Department's report and two written statements signed by the minor children of the other defendants.
C.C.P. art. 966 provides for summary judgment if the pleadings, depositions, answers to interrogatories, admissions and affidavits (which may contain sworn or certified copies of the other documents, see C.C.P. art. 967) show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.
The fire report, although a certified copy, was not accompanied by an affidavit of anyone from the Fire Department. Furthermore, the written statements were not in affidavit form or in any manner sworn to or verified by the parties furnishing the statements. In our opinion these unsworn and unverified documents are not of sufficient evidentiary quality as to be given weight in determining whether or not there is a genuine issue of material fact. We have therefore reviewed the record without considering these documents.[1]
The party who opposes a properly supported motion for summary judgment cannot rely on the bare allegations or denials of his pleadings, but must respond by affidavit or "as otherwise provided" and must set forth specific facts showing the existence of a genuine factual issue. C.C.P. art. 967. If the opposing party does not so respond (and plaintiffs did not), "summary judgment, if appropriate, shall be rendered against him."
Even though we do not consider plaintiffs' documents, we must still determine whether summary judgment was appropriate, since the opposing party need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.
The summary judgment procedure was primarily designed to allow a decision on legal issues without the necessity of a trial on the merits when there are really no factual issues in dispute. Thus, the procedure is rarely appropriate in a suit to determine whether or not a person's behavior constituted an actionable tort under existing circumstances, since such determination almost always involves factual disputes. Nevertheless, where the moving party files an affidavit which, while uncontradicted, sets the operative facts as to tortious conduct at rest, the opposing party must establish that there is a factual dispute or suffer the possibility of a summary judgment. In the absence of a factual dispute (and the necessity for weighing evidence which cannot be permitted in summary judgment proceedings), the trial judge merely accepts, as established, all of the undisputed facts and determines, as a matter of law, whether under the establishment facts the mover is entitled to the relief sought.
In the present case the affiant stated that persons other than himself were involved in the events which led up to the fire and that he was not. He accounted for his behavior at all pertinent times. Plaintiffs failed to utilize opposing affidavits or other procedures to set forth facts of tortious conduct or to state circumstances from which tortious conduct could be inferred.[2] Plaintiffs thus allowed affiant's *263 statements exonerating himself from liability to remain uncontroverted.
The judgment is affirmed.
Affirmed.
STOULIG, J., dissents with written reasons.
STOULIG, Judge (dissenting).
I respectfully dissent.
In my opinion the affidavit in support of the motion for summary judgment is not sufficient to negate the negligence of the proponent and it is in this respect that I differ with the majority view.
Failure of appellant-opponent to file countervailing affidavits or other verified documentary evidence is of no legal consequence and does not relieve mover for summary judgment of the burden of showing that there is no genuine issue of material fact. Aetna Insurance Company v. Morgan & Lindsey, Inc., 238 So.2d 212 (La. App.3d Cir. 1970).
The petition charges that the fire was caused by the negligence of Mark Fleming and two other minors in that they were guilty of: (1) recklessly and carelessly playing with matches; and (2) recklessly and carelessly playing with lighted cigarettes. The affidavit of Mark Fleming sets forth in substance that the fire occurred in the upstairs room of the apartment and that at no time was he ever in that particular room. It should be noted that none of the pleadings locate the fire and only in the supporting affidavit is mention made of this circumstance. No corroborative evidence of a verified fire report or other similar document was tendered to confirm the validity of this factual assertion.
Decisive of the determination that the supporting affidavit is insufficient to discharge the proponent's burden of showing no factual issue was the failure to specifically deny, either expressly or emphatically, that affiant did not engage in the negligent conduct of recklessly and carelessly playing with lighted matches and/or with lighted cigarettes which form the basis of the plaintiffs' tort action against him. At least the denial of specific charges of negligence is sacramental in order for the supporting affidavit to efficaciously sustain the conclusion that no genuine issue of material fact is raised by the pleadings. In this respect mover's affidavit is found wanting and for this reason summary judgment should be denied.
NOTES
[1] For a discussion of documents permitted under decisions interpreting the Federal Rules, see 10 Wright and Miller, Federal Practice and Procedure §§ 2721, 2722 (1973).
[2] Plaintiffs cannot defeat the summary judgment by relying solely on their assertion of the applicability of res ipsa loquitur. That doctrine simply means that plaintiffs' case to some extent depends on the use of circumstantial evidence. To defeat Fleming's motion, plaintiffs were required to set forth circumstances from which negligence of the Fleming child could be reasonably inferred (and thus necessitate that the trial judge weigh the circumstantial evidence and the probabilities inferred from this evidence in order to adjudicate Fleming's negligence).

Plaintiffs failed to assert facts outlining such circumstances.