372 So.2d 1067 (1979)
Cecil F. EASLEY, Plaintiff-Appellant-Appellee,
v.
FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant-Appellant-Appellee.
No. 7041.
Court of Appeal of Louisiana, Third Circuit.
June 20, 1979.
*1068 Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, Alexandria, for defendant-appellant-appellee.
Thomas & Dunahoe by G. F. Thomas, Jr., Whitehead & McCoy, Charles F. Whitehead, Jr., Natchitoches, for plaintiff-appellant-appellee.
Before WATSON, FORET and CUTRER, JJ.
FORET, Judge.
This is an action on an insurance policy brought by the insured against his insurer. The district court, upon interpretation of the provisions of the policy, granted plaintiff recovery of the sum sought but held that the insurance company was not liable for any penalties or attorney fees. From such judgment, defendant has perfected this appeal. Plaintiff has answered, and, additionally, seeks the previously denied penalties and attorney fees.
The factual circumstances of this case are, for the purposes here present, basically undisputed. On December 28, 1977, the trailer of a tractor-trailer rig was struck broadside by a Kansas City Southern train as it was crossing certain railroad tracks in the Village of Goldonna, Natchitoches Parish, Louisiana. The trailer was destroyed in the accident, which also resulted in the derailment of the train and the explosion of a tank car(s) carrying combustible materials. Plaintiff, Cecil F. Easley, a pedestrian-bystander on his own property adjacent to the train tracks, was burned by the "gigantic fireball" (trial ct., reasons for judgment) which erupted from the damaged tank car(s). Various other persons and property near the scene were also damaged and/or destroyed by fire or explosion.
Easley demanded payment from his personal automobile liability insurer (defendant, Firemen's) under the medical payments provision of the policy; subsequently this suit was filed.
The three issues presented to the trial court and on appeal are:
1. Is the plaintiff entitled to recovery under the medical payments provision of his insurance policy?
2. If he is entitled to a recovery, in what amount (i. e. can he "stack" the medical payments provisions of the two automobiles on the policy)?
3. Is he entitled to penalties and attorney fees?
The trial court rendered judgment in favor of plaintiff on the first two issues but denied the third. The same three issues are before us on appeal. We affirm.

COVERAGE
The first legal issue involves an interpretation of the policy language contained in the policy of insurance issued by defendant to plaintiff. The "medical payments" provision requires the insurance company:
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", caused by accident,
(a) while occupying the owned automobile,

*1069 (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or by a trailer of any type;"
Plaintiff, who was a pedestrian at the time of the accident, claims coverage under sub-section (c). Initially, it must be stated that plaintiff was not physically struck by either the train or truck or any parts thereof, but was burned in the explosion.
In the interpretation of insurance policies, the vast majority of jurisdictions hold that to recover under this provision, an injured person need not be actually physically struck by a motor vehicle, but may recover if injured by a motor vehicle. With one exception (which will be discussed later in this opinion), Louisiana is included in this majority.
The first Louisiana case to deal with this issue was Blanchard v. Hanover Insurance Co., 250 So.2d 484 (La.App. 1 Cir. 1971). In that case, the injured plaintiff, driving his employer's truck, collided with another vehicle. The other vehicle did not physically contact him. The court, in a comprehensive review of the law in other jurisdictions, and Louisiana, granted him recovery, holding that actual physical contact was not a prerequisite.
This ruling was affirmed by the First Circuit in Landry v. State Farm Mutual Automobile Insurance Company, 298 So.2d 291 (La.App. 1 Cir. 1974), writ refused, a factually similar case.
This Circuit, in Leger v. Allstate Insurance Co., 252 So.2d 186 (La.App. 3 Cir. 1971), followed the majority rule in a situation where a motorcyclist was injured when his bike struck a slowly moving automobile. We noted there that "Since the automobile was moving and provided part of the force for the blow, there can be no question that the insured was `struck by' the automobile within the contemplation of the policy provisions". 252 So.2d at pg. 188.
In Vallot v. All American Insurance Co., 302 So.2d 625 (La.App. 3 Cir. 1974), this Court, citing Blanchard, Landry, and Leger, held that there was coverage for plaintiff when her husband was killed when his tractor was struck from the rear by an overtaking truck, which did not physically touch decedent's person.
As noted above, the vast majority of states no longer require any actual physical contact of the injured person by a motor vehicle. In addition to those cases cited and quoted with approval by the First Circuit in Blanchard, we note the following cases whose factual circumstances are somewhat closer to our instant case:
In Black v. Hanover Insurance Co. (1961), 30 Misc.2d 1081, 220 N.Y.S.2d 168, the plaintiff left an automobile which the driver was trying to park and was injured when the rear of the automobile hit a pole which in turn struck the plaintiff. The New York court granted recovery for the plaintiff, finding that the apparent purpose of the clause was to compensate a policy holder in the event he incurred expenses in connection with an automobile accident.
In McKay v. Travelers Indemnity Company (1963 App.), 27 Ohio Op.2d 76, 94 Ohio L.Abs. 1, 193 N.E.2d 431, the Ohio court gave judgment for a plaintiff who was seated on a stool inside a building when a truck struck the building, canned goods fell on her, and she fell from the stool to the floor, suffering injuries.
In DeBerry v. American Motorists Insurance Co., 33 N.C.App. 639, 236 S.E.2d 380 (1977), the North Carolina court granted recovery to a plaintiff who was injured when a rope barrier, tied across a city street for crowd control purposes, was struck by an automobile, causing the rope to break and strike the plaintiff.
These cases are but a few examples of foreign jurisprudence.[1] Those cases cited *1070 by defendant which require actual physical contact are in the decided minority and generally not very recently decided. The apparently leading case for this view, Johnston v. Maryland Casualty Co., 22 Wash.2d 305, 155 P.2d 806 (1945) has been specifically criticized in many jurisdictions (including Louisiana in Blanchard) and we decline to follow it at this late date.
As noted earlier in this opinion, there is one Louisiana case the defendant has cited in support of its position. In Bowab v. St. Paul Fire & Marine Ins. Co., 152 So.2d 66 (La.App. 3 Cir. 1963), the ruling was against the plaintiff. In that case the plaintiff had removed a wheel and tire from his boat trailer and was attempting to replace a missing bolt in the wheel, when the tire exploded, causing the tire and a part of the wheel to strike plaintiff. As we noted in Leger, where the defendant also attempted to rely on Bowab, "the majority rule [is] that if the automobile is moving this satisfies the requirement that the insured be `struck by' the automobile ... where the offending automobile is in motion there is no question that the insured was `struck by' the automobile".
In the instant case, the tractor trailer was in motion (if too slowly) across the railroad tracks when it was hit by the train. As we noted in Leger, this fact is sufficient; the entire force and momentum of the blow need not come from the motor vehicle. Accordingly, we find that plaintiff is entitled to recover under the medical payments provision of his insurance policy.

STACKING
Plaintiff insured two automobiles under his Firemen's automobile insurance policy. Each vehicle coverage contained a medical payments provision of $2,000 for which the plaintiff was charged separate premiums. As the plaintiff's medical expenses are in excess of $2,000, he sought to have the coverages for the two vehicles combined ("stacked") to reach a total coverage of $4,000, which demand was granted by the trial court.
A review of the insurance policy shows the following language which, Firemen's argues, acts to limit any liability under medical payments provision to $2,000 (the amount of coverage on one automobile):
Limit of Liability
The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.
We also note another provision of the policy:
4. Two or More Automobiles Parts I, II and III
When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto.
Despite the apparent ambiguity between these two provisions of the insurance policy, defendant argues merely that the courts of appeal of Louisiana have rejected "stacking" of medical payments benefits and that this Court should do likewise. The cases cited are: Guillory v. Grain Dealers Mutual Insurance Co., 203 So.2d 762 (La.App. 3 Cir. 1967), writ refused, 251 La. 687, 205 So.2d 605 (1968); Odom v. American Insurance Co., 213 So.2d 359 (La.App. 3 Cir. 1968), writ refused, 252 La. 955, 215 So.2d 127 (1968); Bost v. Hartford Acc. & Indemnity Co., 242 So.2d 355 (La.App. 2 Cir. 1970); Bourgeois v. Government Employees Ins. Co., 316 So.2d 804 (La.App. 1 Cir. 1975), writ refused, 320 So.2d 914 (La.1975); Lane *1071 v. Fireman's Fund Ins. Co., 344 So.2d 702 (La.App. 4 Cir. 1977).
While several of these cases are at least partially distinguishable from our present situation,[2] we do not find such distinctions to be of ultimate importance in deciding the instant case.
In Odom, there is an interesting and enlightening discussion of "stacking" of medical payment benefits written by Judge (now Justice) Tate in "Concurring in Denial [of rehearing]". While concurring with the other two members of the Court of Appeal panel (both of whom had been on the panel which authored Guillory) in their decision, he specifically stated that he did so only out of deference to his fellow judges' "reluctance to overrule at this time so recent a decision of our Court without first affording our high court an opportunity for a full-scale study of the issue involved".[3]
In the ten years since Justice Tate wrote those words, our Supreme Court has not seen fit to undertake a "full-scale study of the issue involved". In Guillory, Odom and Bourgeois, the Supreme Court refused writs. In Bost and Lane, apparently writs were not applied for. Thus, the only guidance this Court has is three "writs refused" which, of course, does not indicate that the Supreme Court approved the decisions of the courts of appeal, but only that, in these cases, writs were refused.
"... such ruling does not reflect
such a prior adjudication on the merits of the issues as would preclude a consideration and a determination of the questions presented on a subsequent review." State, Dept. of Highways v. Beaird-Poulan, Inc., 292 So.2d 842, at 848 (La.App. 2 Cir. 1974).
And as this Court has stated previously:
"Our Supreme Court has held many times that their refusal to grant writs, although persuasive, does not establish legal precedent since the Supreme Court is not bound by its refusal of writs, to adopt law expressed in appellate court opinions. Garlington v. Kingsley, 289 So.2d 88 (La. 1973); Colonial Pipeline Co. v. Agerton, 289 So.2d 93 (La.1974)." Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061, at 1069 (La.App. 3 Cir. 1977).
Without such mandatory guidance from the Supreme Court, we have undertaken our own study of the issues involved and, upon such study, decline to follow the rulings of the courts of appeal in the above cited cases, but instead follow the path shown by Justice Tate's reasoning as set forth in Odom.
It is horn book law that whenever ambiguity is found in the provisions of an insurance contract, such ambiguity will be resolved in favor of the insured so as to provide him with the broadest coverage consistent with a reasonable interpretation of the contract. As noted above, such ambiguity exists in the present contract with regard to the stacking of medical payments benefits. While the insurance company quotes its language to the effect that its liability is limited to that set forth in the declaration as applicable to "each person" ($2,000 in this instance), there also appears the clause, quoted above, requiring the severability of the policy when two or more *1072 automobiles are insured under it (as here present).
The second mentioned clause gives support to plaintiff's argument that there are, in effect, two separate medical payments policies extant, both of which he has been billed for and paid for.
"The medical payments provisions of the insurance contract is a separate and distinct contractual arrangement between the parties which serves the purpose of providing additional protection to the insured without the issue of fault becoming involved."

Odom, 213 So.2d at 362 (Tate, concurring in denial)
If the plaintiff had purchased two separate medical payments policies, there would be no doubt that he could combine the benefits. In the present case he has placed these two coverages in one contract; he should not be made to lose benefits he has paid for merely because of this fact.
The plaintiff should be entitled to combine his two medical payments provisions either simply because he has bought and paid for two coverages or due to the irreconcilable nature the two aforementioned clauses.
Such a result is in accordance with the majority jurisprudence of other states which have considered this question.
In Government Employees Insurance Co. v. Sweet, 186 So.2d 95 (1966 Fla.App.), the plaintiff's wife was injured in an accident while in one of two automobiles covered by a single policy of insurance. Both automobiles had medical payments provisions for which separate premiums were charged. The insurance company, conceding "that ambiguity exists only in the event there had been injury of the named insured while occupying an automobile neither owned by the named insured nor furnished for the regular use of the named insured, conceding that in that event it would be impossible to determine which automobile afforded coverage", argued that since her injuries were incurred while occupying one of the two owned vehicles, there was coverage under medical payments benefits only as to the occupied vehicle. The Florida court refused this argument noting that plaintiff had paid for two coverages and that the limitations of liability clause was made ambiguous by the two or more automobiles clause so as to require construction of the contract to provide the maximum coverage.
The court also noted that:
"... it makes no difference whether the injuries were sustained while the named insured was occupying or struck by either one or the other of the automobiles described in the policy or by an automobile not described in the policy. There is no way to relate coverage to either, and, therefore, the limit of liability for medical payments of the named insured for bodily injury sustained as a result of any one accident is applied separately to the terms of the policy as to each automobile described."
186 So.2d at 97.
Note the cases cited by Justice Tate in Odom; and also Dyer v. Nationwide Mutual Fire Ins. Co. (Fla.1973), 276 So.2d 6; Allstate Ins. Co. v. Leviss, 71 Misc.2d 628, 336 N.Y.S.2d 757.
Sullivan v. Royal Exchange Assurance, 181 Cal.App.2d 644, 5 Cal.Rptr. 878 (1960) is to the contrary but has been rejected by most other jurisdictions (as it is apparently based on a California rule of contractual construction). See also the Annotation at 21 A.L.R.3d 900, et seq.
We thus hold that plaintiff is entitled to combine the medical payments coverages for each automobile to reach a $4,000 limit.

PENALTIES AND ATTORNEY FEES
Plaintiff seeks, on appeal, 12% penalties and attorney fees for Firemen's "failure to pay in the face of firm jurisprudence" (Pl's brief, pg. 4). While both the *1073 trial court and this Court have found in favor of the plaintiff, this does not require that penalties and attorney fees be assessed against the defendant for refusing to pay this claim. We affirm the decision of the trial court refusing to order such payment, not finding the actions of defendant to be "arbitrary and capricious".
The judgment of the trial court is affirmed, at appellant's costs.
AFFIRMED.
WATSON, J., concurs in result.
NOTES
[1] See also Bates v. United Security Ins. Co., 163 N.W.2d 390 (Iowa, 1968); Maness v. Life & Casualty Ins. Co. of Tennessee, 161 Tenn. 41, 28 S.W.2d 339 (Sup.Ct. of Tennessee); Hale v. Allstate Ins. Co., 345 S.W.2d 346 (Ct. of Civil App. of Texas); State Farm Mutual Automobile Ins. Co. v. Johnson (1961), 242 Miss. 38, 133 So.2d 288. See also the Annotation on this issue in 33 A.L.R.3rd 962, et seq.
[2] In Guillory, the plaintiff was injured while driving one of two automobiles covered by the policy. Medical payment coverage was sought under sub-section (a) (operating an owned vehicle) not under sub-section (c) ("struck by" an automobile as in our present case). In Odom, the plaintiff's wife was driving one of the named automobiles when struck by another automobile. This Court found coverage under either sub-section (a) or (c) and refused to stack medical payment provisions of the several automobiles on the policy. In Bourgeois, apparently the insurance policy had different wording than here present, containing under "limits of liability" the phrase contained in Mr. Easley's policy plus "... Regardless of the number of automobiles or trailers to which this policy applies". In Lane, coverage was found under sub-section (b) (occupying a non-owned automobile).
[3] Guillory was decided October 27, 1967, rehearing was denied November 27, 1967, and writs were refused January 18, 1968. Odom was decided July 29, 1968, rehearing was denied August 20, 1968, writs were refused November 12, 1968.