429 So.2d 241 (1983)
Willie JONES, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 82-668.
Court of Appeal of Louisiana, Third Circuit.
March 23, 1983.
*242 Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Keith Borne and Richard J. Petre, Jr., Lafayette, for defendant-appellant.
Olivier & Brinkhaus, John T. Olivier, Sunset, for plaintiff-appellee.
Before FORET, CUTRER and KNOLL, JJ.
FORET, Judge.
Allstate Insurance Company (Allstate) appeals from the trial court's judgment granting Willie Jones' (plaintiff) motion for summary judgment. We reverse.
The sole issue is whether plaintiff should be allowed to stack the medical payments coverages provided in a policy issued him by Allstate.

STACKING OF MEDICAL PAYMENTS COVERAGES
There is no dispute regarding the facts present in this action. In the absence of a factual dispute (and the necessity for weighing evidence which cannot be permitted in summary judgment proceedings), the trial judge merely accepts, as established, all of the undisputed facts and determines, as a matter of law, whether, under the established facts, the mover is entitled to the relief sought. Cole v. State Farm Mutual Automobile Insurance Co., 427 So.2d 522 (La.App. 3 Cir.1983) (Our docket Number 82-473, handed down January 26, 1983); Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4 Cir.1975); Greer v. General Motors Corporation, 293 So.2d 228 (La.App. 3 Cir.1974).
Allstate contends that the trial court erred in allowing plaintiff to stack the medical payments coverages contained in an automobile insurance policy issued him by it. The Allstate policy provides insurance coverage for four vehicles owned by plaintiff: a 1978 Continental; a 1978 Chevrolet; and 1979 Chevrolet; and a 1974 Ford. For medical payments coverages on each of these vehicles, plaintiff is charged a separate premium. The declarations contained in the policy state that such coverage is $2,000 for each person.
Plaintiff was involved in an accident on March 16, 1980, while operating his 1978 Continental. Allstate does not contest the fact that plaintiff's medical expenses, incurred as a result of that accident, exceed $8,000. Thus, plaintiff's medical expenses are in excess of the medical payments coverages for all four of his vehicles covered by the Allstate policy.
The following provisions are contained in Part II of the policy in question:

"PART II

EXPENSES FOR MEDICAL SERVICES
Coverage CCMedical Payments
To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: *243 Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", caused by accident,
(a) while occupying the owned automobile,
(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or by a trailer of any type;
. . . . .

Limit of Liability
The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

Other Insurance
If there is other automobile medical payments insurance against a loss covered by Part II of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance;...."
From a reading of the "Limit of Liability" and "Other Insurance" provisions reproduced above, it is clear that the terms of the Allstate policy preclude the stacking of medical payments coverages.
We had occasion recently to decide the identical issue presented by this action in Cole v. State Farm Mutual Automobile Insurance Company, supra. The only distinguishing factor in Cole is that the defendant therein had issued to plaintiff four separate automobile insurance policies covering four different vehicles. The language contained in the medical payments provisions of each of those policies is identical to the language contained in the Allstate policy.
Absent conflict with statute or public policy, insurers may, by unambiguous and clearly noticeable provisions, limit liability and impose such reasonable conditions as they wish upon the obligations they assume by contract. Jones v. MFA Mutual Insurance Company, 410 So.2d 1190 (La. App. 3 Cir.1982); Breaux v. St. Paul Fire & Marine Insurance Co., 326 So.2d 891 (La. App. 3 Cir.1976); Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La.1973).
In these circumstances, unambiguous provisions limiting liability must be given effect. Jones v. MFA Mutual Insurance Company, supra; Breaux v. St. Paul Fire & Marine Ins. Co., supra; Snell v. Stein, 259 So.2d 876 (La.1972), and authorities cited therein.
There is no statutory or public policy requirement relating to medical payments coverage which overrides or negates the express provisions of the policy, which should be given effect as written. See Branch v. O'Brien, 396 So.2d 1372 (La.App. 2 Cir.1981), writ denied, 400 So.2d 905 (La. 1981); Breaux v. Louisiana Farm Bureau Mutual Insurance Company, 413 So.2d 988 (La.App. 1 Cir.1982); Phillips v. Hartford Accident & Indemnity Company, 325 So.2d 638 (La.App. 1 Cir.1976).
However, as in Cole, plaintiff cites Easley v. Firemen's Insurance Co. of Newark, New Jersey, 372 So.2d 1067 (La.App. 3 Cir.1979), in which this Court did allow the stacking of medical payments coverages contained in an automobile insurance policy providing insurance coverage for two different vehicles. Easley found certain provisions of the insurance policy to be ambiguous, and applied the well-settled rule that whenever ambiguity is found in the provisions of an insurance contract, such ambiguity will be resolved in favor of the insured so as to provide him with the broadest coverage consistent with a reasonable interpretation of the contract.
The policy under review in the action sub judice contains the same two provisions. *244 These are the "Limits of Liability" provision reproduced above, and the following provision concerning situations when two or more vehicles are covered by the same policy:
"4. Two or More Automobiles

Parts I, II and III: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."
Unlike Easley, we are unable to discern any ambiguity between the two provisions in question. Our interpretation of the above reproduced provision concerning "Two or More Automobiles" is that the provision, in effect, creates as many policies as there are vehicles insured under the same policy. Easley gave the same interpretation to this provision, when it noted that:
"The second mentioned clause gives support to plaintiff's argument that there are, in effect, two separate medical payments policies extant, both of which he has been billed for and paid for." See 372 So.2d, at page 1072.
Such an interpretation simply causes the "Other Insurance" provision of the Allstate policy to come into effect with the result that plaintiff is precluded from stacking the medical payments coverages provided for by that policy.
It must be remembered that insurance policies are contracts between the parties thereto, although they are highly regulated contracts. Thus, we reiterate our holding in Cole that:
"If the medical payments provisions of insurance contracts allow, or at least do not prohibit, the stacking of medical payments coverages, then an insured should be allowed to do this. However, if, by clear and unambiguous language contained therein, the insurance contracts limit such coverages to the point where stacking is precluded, then these provisions should be given effect."
LSA-C.C. Article 1901 provides:
"Art. 1901. Binding effect of agreements between parties
Art. 1901. Agreements legally entered into have the effect of laws on those who have formed them.
They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
They must be performed with good faith."
Insurance contracts, as are all other contracts subject to the laws of this State, are governed by the provisions of LSA-C.C. Article 1901.

DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed. Judgment is hereby rendered in favor of Allstate and against plaintiff, disallowing the stacking of the medical payments coverages of the Allstate policy issued to plaintiff.
All costs of this appeal and in the trial court are assessed against plaintiff-appellee.
REVERSED AND RENDERED.