ON REHEARING
Before BROWN, STEWART, DREW, MOORE and HARRISON (Ad Hoc), JJ.
HARRISON, J. (Ad Hoc).[1]
We granted rehearing to reconsider our earlier opinion in this case. Finding that there was no coverage on the insured’s vehicle at the time of the accident because the insurer properly can-celled its insured’s entire policy for nonpayment of a premium, we now reverse the trial court judgment finding that Lawrence E. Metz[2] was covered under the policy issued by Safeway Insurance Company of Louisiana.
Although the facts of the matter were set forth in detail in the original opinion, we will briefly recap the details of greatest importance to our decision on rehearing.[3] At the outset of the policy period beginning November 16, 2008, Metz’s policy with Safeway covered only his 2003 Chevrolet Avalanche. A final payment for the policy period in the amount of $110.28[4] was due on April 10, 2009, and Metz paid it on April 7, 2009. However, at that time, he also added a second vehicle, a 2008 Chevrolet Uplander, to the same policy. On April 8, 2009, Safeway sent Metz a bill for the additional premium for covering the Uplander. Metz denied receiving this bill. On April 23, 2009, Safeway issued a notice of cancellation to Metz for nonpayment of the premium. Metz also denied receiving this notice. The policy was can- *8 celled on May 3, 2009. On May 5, 2009, there was a two-car accident involving the Avalanche. The following 12day, Metz paid to reinstate the policy; the reinstatement was effective on May 6, 2009.
In relevant part the Safeway policy reads as follows:
PART I — LIABILITY
... To pay on behalf of the insured ... all sums which the insured shall become legally obligated to pay as damages ...
PART II — UNINSURED/UNDERIN-SURED MOTORISTS COVERAGE
... To pay all sums which the insured or legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured/un-derinsured automobile....
PART III — EXPENSES FOR MEDICAL SERVICES
... To pay all reasonable expenses incurred as a result of injuries caused by a covered accident ...
PART IV — PHYSICAL DAMAGE
... to have repaired or to pay for loss caused other than by collision to the owned automobile or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto ...
CONDITIONS
(Unless otherwise noted, conditions apply to all Parts.)
1. Policy Period, Territory. ... If such premium is not paid when due the policy shall terminate as of that date and such date shall be the end of the policy period....
2. Premium. ... If the named insured acquires ownership of an additional private passenger ... automobile, he shall inform the Company in writing within 30 days following the date of its delivery of his election to make this policy applicable to such owned automobile. Any premium adjustment necessary shall be made as of the date of such change or acquisition in accordance with the manuals in use by the Company....
[[Image here]]
4. Two or More Automobiles — Parts I, III, and IV. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each....
Based upon its wording and its placement in the policy, we find that the contested provision in paragraph 4 — upon which the trial court and the majority in the original opinion relied — does not apply to the payment of premiums. This paragraph, which states that the terms of the policy apply separately to each automobile when two or more automobiles are insured, specifically applies only to Parts I, III and IV; these are the parts of the policy addressing issues of liability, expenses for medical services, and physical damages. It appears that the primary relevance of a provision like paragraph 4 involves issues of “stacking” of coverages. See Jones v. Allstate Insurance Company, 429 So.2d 241 (La.App. 3rd Cir.1983); Easley v. Firemen’s Insurance Company of Newark, New Jersey, 372 So.2d 1067 (La.App. 3rd Cir.1979); Lane v. Fireman’s Fund Insurance Company, 344 So.2d 702 (La.App. 4th Cir.1977). Therefore, paragraph 4 has no bearing upon the issue of partial payment of premiums presented in the instant case.
We find nothing in the policy which obligates the insurance company to second-guess its insured’s desires as to how to *9 apply a partial payment in a situation such as the instant one. Should the insurer apply all of the partial payment to one vehicle and none to the other for the full policy term? Or perhaps it should apply some of the partial payment to each vehicle but for a shorter period of time? The possible scenarios are numerous and varied. Different insureds will desire different applications according to a myriad of different factual situations.
The facts proven at trial demonstrate that Metz’s premium increased upon his addition of a second vehicle. Evidence was introduced that Metz was billed for the increased premium. Subsequently, the bill was not paid, and Safeway took appropriate action to cancel the policy as it was entitled to under the terms of the policy. Safeway presented evidence that the ensuing notice of cancellation was properly mailed to Metz. (In the original opinion, the majority likewise agreed that the insurer proved that sufficient notice of cancellation was given.) Consequently, at the time of the accident involving the Avalanche, Metz no longer had insurance coverage with Safeway on either vehicle.
Accordingly, we reverse the district court judgment insofar as it held that Metz had coverage on the Avalanche under the Safeway policy and awarded damages in favor of Metz and his wife and against Safeway. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against Lawrence and Sena Metts/Metz.
REVERSED IN PART AND AFFIRMED IN PART.
STEWART, J., dissents with written reasons.
MOORE, J., dissents for reasons assigned by STEWART, J.

. Retired Judge John R. Harrison, assigned as judge ad hoc, participated in the decision following the retirement of Judge Gay Gas-kins, who sat on the original panel.

. In the appellate record, the defendant’s last name is also spelled "Metts.” To be consistent with this court’s original opinion, we will spell it "Metz” in this opinion on rehearing.

. Although Safeway urged reversal of the trial court’s denial of its motion for summary judgment, given the fuller development of the facts at trial, we consider the matter on the merits.

. Although Metz testified that he paid $110.32, the documentary evidence suggests that the amount was $110.28.